(No. 50964.—

KYLE THOMAS, Appellee, v. CHICAGO BOARD OF EDUCATION *et al.,* (David Shlemon *et al.,* Appellants).

*Opinion filed October 2, 1979.*

Lord, Bissell & Brook, of Chicago (Robert A. Knuti and Hugh C. Griffin, of counsel), for appellants.

Liebling, Hauselman & Miller, Ltd., of Chicago (Martin F. Hauselman, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

We granted the defendants, David Shlemon, Theodore Loomis and Earl Gordon, leave to appeal from an appellate court decision (60 Ill. App. 3d 729) reversing an order of the circuit court of Cook County, which had dismissed with prejudice count I of the amended complaint of the plaintiff, Kyle Thomas. Count I of the 11-count complaint alleged that the plaintiff, a high school varsity football

player, sustained injuries as a result of the negligence of the defendants, who were his football coaches, and of the defendant Chicago Board of Education (Board), which is not a party to the appeal before us. The allegations of negligence in count I included failure to adequately warn the plaintiff that football is dangerous; failure to provide adequate training for the plaintiff; failure to inspect, yet requiring "the plaintiff to use, improperly designed, obsolete, worn, defective or dangerous football helmet, face-mask, padding, football clothing and other equipment"; and requiring the plaintiff to play a scheduled varsity football game on a synthetic turf field which was improperly constructed and maintained and was owned by the Board. We are concerned with only the allegation, in count I, of defendants furnishing, but failing to inspect, defective football equipment.

Based on the pleadings of the record before us, the facts are as follows. On October 4, 1974, the plaintiff, who was a varsity football player for Lakeview High School, was seriously injured in a regularly scheduled game at Hanson Park Stadium, owned and operated by the Board. The school football program was voluntary, conducted after regular school hours, encompassed practice and scheduled varsity games, and provided the student participants with equipment, including helmets and face masks. Although admission fees were charged to spectators, the players were not compensated. At the time the circuit court dismissed count I, *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, had only recently been handed down, and the following relevant statutory provisions were in effect: Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 1—101 *et seq.*, hereafter Tort Immunity Act), and sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1973, ch. 122, pars. 24—24, and 34—84a, which applies to cities over 500,000 (Ill. Rev. Stat. 1973,

ch. 122, par. 34—1)), which are identical in the relevant paragraph and provide:

"Teachers and other certificated educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Ill. Rev. Stat. 1973, ch. 122, pars. 24—24, 34—84a.)

Subsequent to the circuit court's dismissal but while the appeal was pending in the appellate court, this court decided *Gerrity v. Beatty* (1978), 71 Ill. 2d 47.

The parties raise only two specific issues before us: whether the coaches here are immune from liability under the School Code in the exercise of inspecting and furnishing defective equipment; and whether the coaches here are immune from liability for negligence under the Tort Immunity Act in the exercise of inspecting and furnishing defective equipment.

In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, two consolidated cases, the teenage plaintiffs sustained spinal injuries during their physical education classes, brought suit against a school board and a teacher in each case, and alleged negligent failure to provide proper instruction and supervision. (One action was brought under the Tort Immunity Act.) The defendants argued that the plaintiffs failed to state a cause of action because sections 34—84a and 24—24 of the School Code (Ill. Rev. Stat. 1967, ch. 122, pars. 34—84a, 24—24) require the greater proof of wilful and wanton conduct rather than negligence. Over a dissent, this court held that sections 34—84a and 24—24 "confer[red] the status *in loco parentis* in nondisciplinary as well as disciplinary matters" on teachers (63 Ill. 2d 165, 172), and therefore

teachers were immune from liability "for negligence arising out of 'matters relating to the discipline in and conduct of the schools and the school children' " (63 Ill. 2d 165, 173); only wilful and wanton conduct destroyed educators' immunity. Moreover, the court continued, the defendants' possession of liability insurance coverage would not waive the protection of sections 34—84a and 24—24 of the School Code, although it would waive immunity under the Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, par. 9—103(b)). This court so held because the immunity under the School Code was derived from the policy of *in loco parentis* and not from the Tort Immunity Act, and because the latter act provided that a public entity could not be deprived of " 'any defense *heretofore existing and not described herein*' " (63 Ill. 2d 165, 174; Ill. Rev. Stat. 1967, ch. 85, par. 2—111), which correctly characterized the immunity of sections 34—84a and 24—24 of the School Code.

The 15-year-old plaintiff in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, suffered severe injuries during a junior-varsity football game, and filed a multicount complaint against the manufacturer of the football helmet, his attending physician, the treating hospital, the city of Downers Grove, and the school district. The appeal before this court involved only the sixth count, alleging negligence by the school district, which was struck by the trial court on the basis of section 34—84a of the School Code as construed by *Kobylanski*. Count VI alleged that the school district negligently allowed the plaintiff to wear an inadequate helmet, negligently refused to furnish adequate football equipment, and negligently furnished the plaintiff with an inadequate and ill-fitting helmet. This court appropriately acknowledged that the "direct, teacher-student" "relationship would be seriously jeopardized if teachers and school districts were amenable to ordinary negligence actions for accidents occurring in the course of the exercise of such

authority" (71 Ill. 2d 47, 51). However, after reviewing and analyzing *Kobylanski,* which it found not controlling, this court stated:

> "As distinguished from the foregoing cases, count VI in the case at bar *did not allege negligence arising out of the teacher-student relationship* in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student, *but instead alleged negligence in connection with what we consider to be the separate function of furnishing equipment* which was alleged to be inadequate, ill fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff." (71 Ill. 2d 47, 52.)

This court continued:

> "The public policy considerations in authorizing, and indeed encouraging, *teachers* to have broad discretion and latitude in the former situation quite clearly do not apply with as much force to the latter. On the contrary, public policy considerations argue rather strongly against any interpretation which would relax a *school district's* obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose. To hold school districts to the duty of ordinary care in such matters would not be unduly burdensome, nor does it appear to us to be inconsistent with the intended purposes of sections 24—24 and 34—84a of the School Code." (Emphasis added.) 71 Ill. 2d 47, 52-53.

The defendants correctly point out that *Gerrity* did not apply to teachers: teachers and coaches were not parties to that case. The plaintiff urges us to extend *Gerrity* to individual teachers and coaches, and make them

liable for failure to exercise ordinary care in the course of furnishing equipment to students. This we decline to do. First, the school district has the authority to purchase and *furnish* equipment to students. This authority is not shared with teachers and coaches, who have instead the distinct competence or authority to *supervise* the students and their use of that equipment. A coach's duty to inspect the equipment is subsumed within his or her duty to supervise but does not fall under the school district's authority to furnish. In practice we believe it would be difficult to beneficially and intelligently distinguish inspecting equipment from supervising students and their use of it. Plaintiff's allegations of negligent conduct, moreover, illustrate this difficulty: they are phrased or described in terms which relate significantly to a teacher's or coach's supervisory capacity.

Second, public policy considerations militate against extending *Gerrity's* duty of ordinary care to teachers and coaches. In the interest of student-teacher harmony, litigation between them should not be encouraged—absent wilful and wanton conduct. In Illinois, children may not maintain actions for negligence against their parents, although actions involving wilful and wanton conduct are permissible. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608; accord, *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, and *Kobylanski* (63 Ill. 2d 165).) Under sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1973, ch. 122, pars. 24—24, 34—84a) teachers were found to stand in the place of parents and guardians. Hence, they are immune for negligent actions. *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 172-73.

Another public policy consideration which we find relevant is borrowed from the policy consideration in support of the immunity of public employees (Ill. Rev. Stat. 1975, ch. 85, par. 2—201 *et seq.*). If we were to place the duty of ordinary care (while furnishing equipment) on

teachers, we would burden them to the extent that a teacher might become immobile in the performance of his obligations. They would "not be free and unhampered in the discharge of their duties, since they would live in fear that each judgment they made would bring a lawsuit." (Judge, *Tort Immunity Act: Only Certain Immunities Are Waived by Public Entity's Purchase of Insurance,* 63 Ill. B.J. 386, 387 (1975).) Moreover, a proliferation of such actions for negligence would drain teachers' time, encourage second-guessing teachers' judgment by courts, and quite possibly discourage persons from the career of teaching.

For these reasons, we believe *Gerrity* should not be extended to the defendants here. Therefore, absent wilful and wanton conduct in the course of their supervisory authority, which encompasses inspecting and supplying the students with equipment, teachers and coaches are immune under sections 24—24 and 34—84a of the School Code. *Kobylanski* (63 Ill. 2d 165, 170-71) and *Gerrity* (71 Ill. 2d 47, 51-52) have clearly indicated that, under those statutory provisions, teachers are not liable for mere negligence in the performance of their supervisory function.

We agree with the appellate court that the defendants here did not lose their immunity under sections 24—24 and 34—84a because the football program they coached and supervised was an extracurricular activity. The language and reasoning of *Kobylanski* (63 Ill. 2d 165, 171-72) are clear: "The statutes [Ill. Rev. Stat. 1967—and 1973, ch. 122, pars. 24—24 & 34—84a] further indicate that this relationship [*i.e., in loco parentis* and therefore teacher immunity] applies to all activities in the school program." 63 Ill. 2d 165, 172.

Having concluded the defendants here are immune under the School Code from liability for ordinary negligence as it relates to plaintiff's injury for allegedly

defective athletic equipment, we need not reach the second issue. See also *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 174.

For these reasons, we reverse the decision of the appellate court and affirm the decision reached by the circuit court, and remand the cause.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*