THOMAS NIELSEN, Plaintiff-Appellee, *v.* COMMUNITY UNIT SCHOOL DISTRICT NO. 3, Defendant-Appellant.

Fourth District    No. 16342

Opinion filed November 14, 1980.

Kent R. Schnack and Loren E. Schnack, both of Loos & Schnack, and William J. Dieterich, all of Quincy, for appellant.

George J. Lewis and Gerald L. Timmerwilke, both of Lewis, Blickhan, Longlett & Timmerwilke, of Quincy, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308). The action was brought by plaintiff to recover damages for personal injuries sustained by plaintiff in a laboratory explosion while attending a high school science class. The single issue properly certified for review is whether, under the circumstances of this case, the plaintiff's negligence count is barred as a matter of law.

The factual background contained in the record is scanty, but it appears that the plaintiff was injured when a container, partially filled with methanol or ethyl alcohol, exploded or burst into flames during a physics class. The container was ignited when another student lit a match and placed it near the container. It is alleged that the container was incorrectly labeled as floor wax and also that the container was too large for the storage of this hazardous material, allowing the contents to expand into a dangerous gaseous state.

The plaintiff brought alternative counts of negligence and wilful and wanton conduct by the defendant. The defendant moved to dismiss plaintiff's negligence count on the basis that the defendant was immune from ordinary negligence. The trial judge denied the defendant's motion, but certified the question for interlocutory appeal. The resolution of this issue turns on which of two standards is applicable to the particular circumstances of this case. If the alleged negligence of the defendant be classified as a failure to provide adequate supervision, then the plaintiff would be barred from bringing a negligence count. On the other hand, if the defendant were negligent in providing defective equipment, then plaintiff's negligence count would not be barred.

■■ It is well established that a parent is not liable for injuries to his child absent wilful and wanton misconduct. Sections 24—24 and 34—84a of the School Code confer upon educators the status of parent or guardian to the students (Ill. Rev. Stat. 1979, ch. 122, pars. 24—24 and 34—84a). In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, the supreme court held that this status extended to nondisciplinary as well as disciplinary matters. Therefore, in suits against educators involving improper supervision, to impose liability a plaintiff must prove wilful and wanton misconduct.

■■ The supreme court has distinguished, however, the separate function of providing equipment from that of supervision and control of the student. A school district is held to a duty of ordinary care in providing equipment for its students (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323). A school district may therefore be held liable in ordinary negligence for providing equipment which is known, or should have been known, to be defective or dangerous. The *Gerrity* holding which applies to school districts has not been extended to individual teachers (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538).

■■ ■ In the instant case, although plaintiff's negligence allegations contain some elements of both improper supervision and defective equipment, we find that plaintiff's negligence count is based primarily on a defective equipment theory. Plaintiff's primary allegation is that the school district knew, or should have known, that the container was defective and a dangerous instrumentality. Plaintiff's negligence count

should not be barred as a matter of law. We note that quite recently the supreme court has extended the *Gerrity* rule by holding that a school district has a duty to not only provide safe equipment, but has an affirmative duty to provide equipment to prevent serious injuries (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447). Plaintiff's negligence count contains allegations of the defective equipment and failure to provide other protective devices.

Accordingly, we affirm the trial court's denial of defendant's motion to dismiss plaintiff's negligence count.

Affirmed.

MILLS, P. J., and CRAVEN, J., concur.