AMERICAN STATES INSURANCE COMPANY *ex rel.* COMMUNITY UNIT SCHOOL DISTRICT NO. 27, Plaintiff-Appellant, *v.* KEVIN FLYNN, Defendant-Appellee.

Fourth District    No. 17164

Opinion filed December 4, 1981.

Jeffrey B. Levens, of Sturm & Levens, of Springfield, for appellant.

John L. Swartz, of Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, of Springfield, for appellee.

JUSTICE MILLS delivered the opinion of the court:

Is a teacher immune from suit by a student for negligent injury?

Yes.

Is a student also immune from such suit by a teacher?

No.

The teacher-pupil immunity rule is a one-way street.

■■ This case involves a dismissal on the pleadings. The facts which appear on the face of the plaintiff's complaint, and which must be taken as true (*St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co. of America* (1979), 73 Ill. App. 3d 935, 393 N.E.2d 611), are these:

During regular school hours, and in the course of his employment as a physical education teacher, James Phalen (insured), was struck and injured by a shotput thrown by Kevin Flynn, one of his students and the

defendant in this case. American States became subrogated to the rights of the insured teacher by virtue of its payment of the expenses of his injury and, on August 14, 1980, filed suit alleging negligence on the part of the defendant student. The defendant filed a motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(h)), stating in support of the motion that sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1979, ch. 122, pars. 24—24 and 34—84a) barred suits by teachers against their students.

The trial court dismissed and plaintiff appeals.

The question presented here is one of first impression. Section 24—24 of the School Code reads:

"Maintenance of discipline. Teachers and other certified educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians.

Nothing in this Section affects the power of the board to establish rules with respect to discipline.

The board may make and enforce reasonable rules of conduct and sportsmanship for athletic and extracurricular school events. Any person who violates such rules may be denied admission to school events for not more than one year, provided that written 10 days notice of the violation is given such person and a hearing had thereon by the board pursuant to its rules and regulations. The administration of any school may sign complaints as agents of the school against persons committing any offense at school events." (Ill. Rev. Stat. 1979, ch. 122, par. 24—24.)

Section 34—84a, the companion to section 24—24, is essentially identical, except that it applies only to cities with populations in excess of 500,000. *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323.

The supreme court has interpreted this statute as applying the parental immunity doctrine to the teacher-pupil situation and granting immunity to teachers from suits by their pupils for negligent acts occurring within the teacher-pupil relationship. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) We are asked to decide whether sections 24—24 and 34—84a should be interpreted to make a similar grant of immunity to pupils. We are cognizant of the fact that no teacher is a party to this suit. However, plaintiff, as subrogee, steps

into the shoes of its insured and acquires no greater rights. (*McCormick v. Zander Reum Co.* (1962), 25 Ill. 2d 241, 184 N.E.2d 882.) Thus, if the plaintiff's insured was barred, plaintiff is similarly barred.

■■ When interpreting a statute, our primary task is to ascertain the intent of the legislature. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.) In performing this task, we must look first to the actual language of the statute involved. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) Upon an examination of section 24—24, the first thing one notices is that it is entitled "Maintenance of Discipline." If the title of a statute says anything about its purpose or content, then it appears that section 24—24 was not intended primarily to grant immunity, but to *promote discipline* in the schools of this State. In addition, by its language, section 24—24 imposes upon "teachers and other certificated educational employees" the duty to maintain discipline in the schools. It is only in connection with this duty and for the "safety and supervision" of pupils that teachers and certificated educational employees "stand in the relation of parents and guardians" to pupils. (Ill. Rev. Stat. 1979, ch. 122, par. 24—24.) Thus, the legislature, in enacting section 24—24, was primarily concerned with imposing upon teachers an obligation and simultaneously giving them the power to fulfill it, not with adopting any doctrine of immunity in the teacher-pupil situation. See *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 51, 373 N.E.2d 1323, 1325, holding that section 24—24 represents "a legislative determination that the orderly conduct of the schools and the maintenance of a sound learning atmosphere require that * * * [a] teacher [have] disciplinary and supervisory authority similar to that which exists between parent and child."

Perhaps as enlightening as the language the legislature chose to use in section 24—24 is the language that it chose to avoid. Nowhere in section 24—24 is reference made to either the parental, or the broader, family immunity doctrine suggested by the defendant. Nor did the legislature utilize the words *in loco parentis.* This terminology is used by courts to refer to persons who have taken upon themselves the obligations and financial burdens of a parent and to whom immunity is extended. (See *Busillo v. Hetzel* (1978), 58 Ill. App. 3d 682, 374 N.E.2d 1090.) The legislature's use of narrow and circumscribed language does not indicate that it intended a wholesale adoption of any immunity doctrine.

■■ Further, if the legislature had intended to give a grant of immunity and make it applicable "both ways," it knew how to do so. For example, section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1979, ch. 40, par. 1001) provides "* * * that neither husband nor wife may sue the other for a tort to the person committed during coverture." That the legislature did not use such language in section 24—24 indicates that it did not intend to make students immune.

Although not directly on point, there is some case law dealing with the meaning of section 24—24. *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 172, 395 N.E.2d 538, 541, held that in enacting sections 24—24 and 34—84a, the legislature was concerned that teachers' vulnerability to student suits for negligence would "burden them to the extent that a teacher might become immobile in the performance of his obligations" and "quite possibly discourage persons from the career of teaching." Thus, it was concern over *teachers, not pupils,* which prompted the legislation.

*Edmonson v. Chicago Board of Education* (1978), 62 Ill. App. 3d 211, 379 N.E.2d 27, held that a teacher's aide and a school community representative were not within the class of persons entitled to protection by sections 24—24 and 34—84a because they did not fit the definition of teacher found in section 34—84 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 34—84). The clear import of this case is that immunity was to be limited to those specifically mentioned in the statute—teachers and certificated educational employees.

In *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452, a student was assaulted in a school restroom by classmates, including a classmate who had been appointed monitor by the class' teacher. The plaintiff-student contended that since the classmate was not immune under sections 24—24 and 34—84a and that since the student was an agent of the teacher, the teacher was liable on a theory of *respondeat superior.* Although not crucial to its decision, the court seemed to accept that the student was not immune. However, it rejected the argument that the student was an agent and held that the plaintiff's complaint was properly dismissed.

These cases indicate that the interpretation of section 24—24 suggested by the defendant is not only in conflict with the narrow interpretation of the class of persons entitled to protection under the statute, it also frustrates a major policy consideration behind the legislation.

*Ergo,* we reverse and remand with directions to reinstate plaintiff's complaint.

Reversed and remanded.

GREEN, P. J., and TRAPP, J., concur.