DONALD HADLEY, Plaintiff-Appellant, *v.* WITT UNIT SCHOOL DIS-
TRICT 66 *et al.*, Defendants-Appellees.

Fifth District No. 5—83—0594

Opinion filed April 9, 1984.

Alfred B. LaBarre, of Ensel, Jones, Blanchard & LaBarre, of Spring-
field, for appellant.

Ralph A. Vandever, of Vandever & Vandever, of Hillsboro (Stephen R.
Cullison, of counsel), for appellees.

JUSTICE KARNS delivered the opinion of the court:
Donald Hadley, a high school student injured during an industrial
arts class, appeals from the judgment of the circuit court of Mont-
gomery County granting partial summary judgment in favor of the
defendants, teacher John Alexander and the Witt Unit School District
66. The court dismissed counts I, II and IV of Hadley's complaint
with prejudice and without leave to amend. The trial court found its
judgment with regard to counts I, II and IV was final and there was

no just reason to delay an appeal. 87 Ill. 2d R. 304(a).

Alexander taught an industrial arts class in which Hadley was one of four students. On the day of the accident, the class had a wood-working assignment, but the four boys tried to pound a piece of scrap metal through a hole in an anvil. The metal had been donated by Caterpillar Corporation seven or eight years before the accident. Alexander did not solicit the donation or specify the kind of metal to be provided. The boys hammered on the metal for more than 10 and perhaps as much as 20 minutes. At one point, Alexander stood six or seven feet away from the anvil while they worked on the metal. He told them once to stop hammering, but after he went back to his office in another room they continued beating on the metal. Alexander had previously instructed the class on the need to use safety goggles when doing dangerous work. He did not direct the boys to use goggles on the day of the accident. A metal chip flew into Hadley's eye, causing trauma and visual impairment.

Hadley's complaint was stated in four counts. Count I alleged Alexander's negligent supervision and furnishing of unsafe equipment. Count III alleged the school district's liability for Alexander's negligence as set out in count I and for its own negligence in providing unsafe equipment. Count II alleged that Alexander acted wilfully and wantonly in not putting an end to the hammering once he observed the dangerous activity. Count IV sought to hold the school district liable for Alexander's wilful and wanton conduct described in count II. The court's grant of summary judgment for the defendants left only count III standing. After considering the plaintiff's motion to reconsider and depositions offered in support of the motion, the court affirmed its original decision.

The first issue presented for review is whether the trial court correctly dismissed count I, which sought to hold Alexander liable for ordinary negligence in failing to supervise students and failing to provide safe equipment. The dismissal was correct because a teacher is immune from liability for ordinary negligence, even if he furnishes equipment to students. The second issue is whether the trial court correctly dismissed counts II and IV because Hadley failed to state as a matter of law a cause of action for wilful and wanton misconduct against Alexander. We find that Hadley stated a cause of action for wilful and wanton misconduct. The dismissal of counts II and IV was error.

One matter is very clear: teachers are not liable for ordinary negligence in the performance of their supervisory duties. (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538;

*Merrill v. Catholic Bishop* (1972), 8 Ill. App. 3d 910, 290 N.E.2d 259; *Woodman v. Litchfield Community School District No. 12* (1968), 102 Ill. App. 2d 330, 242 N.E.2d 780.) The School Code confers upon a teacher the status of a parent or guardian with regard to "all activities connected with the school program." (Ill. Rev. Stat. 1983, ch. 122, par. 24—24.) The status *in loco parentis* shields a teacher from liability in both nondisciplinary and disciplinary matters. *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.

It is equally clear that school districts are liable for their own negligence in "furnishing equipment which [is] alleged to be inadequate, ill fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff." (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52, 37 N.E.2d 1323, 1326.) If a complaint combines elements of negligent supervision with a primary allegation that the school district negligently provided hazardous equipment, the negligence count cannot be barred as a matter of law because the district has a duty to provide safe equipment. (*Nielsen v. Community Unit School District No. 3* (1980), 90 Ill. App. 3d 243, 412 N.E.2d 1177.) Hadley's count I did not allege any negligence by the school district and need not be preserved on that account.

The basis for imposing ordinary negligence liability on school boards with regard to furnishing equipment while immunizing teachers from equivalent liability for negligence in their duties is, in part, a recognition that school districts have authority to purchase and supply equipment to students and teachers have no such authority. (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538.) Moreover, "[t]o hold school districts to the duty of ordinary care in such matters would not be unduly burdensome ***." (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52, 373 N.E.2d 1323, 1326.) On the other hand, providing immunity to teachers is intended to encourage them to use their broad discretion in managing the teacher-student relationship which would be "seriously jeopardized *** [by] ordinary negligence actions for accidents occurring in the course of the exercise of such authority." *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 51, 373 N.E.2d 1323, 1325.

■ Hadley now asks us to decide whether a teacher who receives donated equipment he neither solicited nor specified has surrendered his immunity from liability for ordinary negligence if the equipment proves to be unsafe. Although the present situation is somewhat different from that in *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538, the same principles apply. In *Thomas* the

coaches provided football players with equipment furnished by the school district. The court refused to extend negligence liability "to individual teachers and coaches, and make them liable for failure to exercise ordinary care in the course of furnishing equipment to students." (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 170-71, 395 N.E.2d 538, 540.) Three reasons were given for this decision, only one of which is the distinction between the school district's authority to furnish and the teacher's authority to supervise the use of equipment. Additionally, the court found that an extension of liability to teachers might encourage litigation disruptive of "student-teacher harmony." Furthermore, the threat of negligence liability could burden the teacher "to the extent that *** [he] might become immobile in the performance of his obligations." (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 172, 395 N.E.2d 538, 541.) For all the foregoing reasons, the court found that "absent wilful and wanton conduct in the course of their supervisory authority, *which encompasses inspecting and supplying the students with equipment*, teachers and coaches are immune under Sections 24—24 and 34—84a of the School Code." (Emphasis added.) We see no reason to reduce the protection for the teacher-student relationship and the teacher's discretion simply because the equipment came directly into the teacher's hands as a donation rather than as a purchase by the school board. We affirm the trial court's judgment as to count I of Hadley's complaint.

To impose liability on a teacher, the plaintiff must show that his injury resulted from the defendant's wilful and wanton misconduct. *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by *** ordinary care." (*Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300.)

See also *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447; *Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 427 N.E.2d 1387; *Landers v. School District No. 203* (1978), 66 Ill. App. 3d 78, 383 N.E.2d 645. The question of whether certain acts amount to wilful and wanton misconduct is normally a question of fact to be determined by a jury. (*Stamat v. Merry* (1979),

78 Ill. App. 3d 445, 397 N.E.2d 141.) The summary judgment proceeding is not an appropriate forum for trying a factual issue such as wilful and wanton misconduct, but is intended only to determine whether there is an issue of fact to be tried. (*Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239.) If the facts permit more than one conclusion, including one unfavorable to the moving party, a summary judgment should be denied. *Smothers v. Butler* (1979), 78 Ill. App. 3d 1018, 398 N.E.2d 12.

In the present case, count II incorporates facts stated in count I alleging that Alexander was present and observed the students' hammering of the metal, that he knew or should have known hammered metal could splinter and that he failed to direct the students to wear goggles. It is alleged in count II that his failure to act in the face of a dangerous situation constitutes wilful and wanton misconduct for which Alexander could be liable. We find count II sufficiently states a cause of action against Alexander. The factual allegations of count I are also incorporated into count IV which seeks to hold the school district liable for Alexander's wilful and wanton misconduct. We find that count IV states a cause of action against the school district. From the facts presented to the trial court in Hadley's memorandum and Alexander's deposition offered in opposition to defendants' motion for summary judgment, a jury could have inferred " '*** a reckless disregard for the safety of others *** after knowledge of impending danger ***.' " (See *Bernesak v. Catholic Bishop* (1980), 87 Ill. App. 3d 681, 686, 409 N.E.2d 287.) The granting of summary judgment was improper where there was an issue suitable for jury determination.

For reasons set forth above, the trial court's judgment as to count I is affirmed and its judgment as to counts II and IV are reversed. The cause is remanded for trial on the issues stated in counts II, III and IV.

Affirmed in part; reversed in part and remanded.

HARRISON and KASSERMAN, JJ., concur.