ROBERT TIJERINA, a Minor by his Father and Next Friend Jesse J. Tijerina, Plaintiff-Appellant, v. DALE EVANS, Defendants-Appellees.

Second District   No. 85—0835

Opinion filed December 10, 1986.

David Drenk, Douglas Drenk, Mardyth E. Pollard, and Louis A. Varchetto, all of Guerard & Drenk, Ltd., of Wheaton, for appellant.

Therese S. Seeley, of Gooding & Schroeder, Ltd., of Geneva, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Robert Tijerina, a minor by his father and next friend, Jesse J. Tijerina, appeals from the order of the circuit court of Du Page County dismissing counts I, II, and III of his five-count first amended complaint which alleged wilful and wanton misconduct against defendants, Dale Evans, Glenbard North High School, and Glenbard School District No. 86 for failure to state a cause of action.

On appeal, plaintiff contends that sufficient facts were alleged to state a cause of action against defendants for wilful and wanton misconduct.

The amended complaint in counts I, II, and III alleged that plaintiff, a student at Glenbard North High School, sustained an injury during his physical education class in the school gymnasium while participating in a whiffle ball game under the supervision of a teacher, defendant Dale Evans. It is alleged that during his participation in the physical education class, plaintiff ran into and against the first row of bleachers causing his injury. Plaintiff further alleged that Evans, as well as the high school and school district through their relationships as the employers of Evans, were guilty of wilful and wanton misconduct relating to the occurrence of plaintiff's injury as follows:

"(a) Required students including the plaintiff to play a whiffle ball game within the close confines of the gymnasium of the school when he knew or in the exercise of reasonable care should have known, that playing such a whiffle ball game within such close confines posed a danger of injury to said students;

(b) Required students, including the plaintiff, to play a whiffle ball game in the gymnasium of the school while the first row of bleachers in said gymnasium had been pulled out and placed in a locked position, when he knew or in the exercise of reasonable care should have known that said first row of bleachers in that open position posed a danger of injury to the

students;

(c) Failed to warn the students, including the plaintiff, of the danger posed by playing whiffle ball within the close confines of the gymnasium when he knew or in the exercise of [reasonable care] [*sic*] should have known that said students would not otherwise be aware of said danger;

(d) Failed to warn the students, including the plaintiff of the danger posed by playing whiffle ball within the gymnasium while the first row of bleachers had been pulled out and placed in a locked position, when he knew, or in the exercise of reasonable care should have known that the students would not otherwise be aware of said danger;

(e) Failed to inspect the gymnasium prior to the start of the physical education class when he knew or in the exercise of reasonable care should have known that such an inspection was necessary to discover and remove hazards that could or might endanger the health and safety of the students in the class;

(f) Failed to place the first row of bleachers in the gymnasium in a closed position prior to the start of the physical education class when he knew, or in the exercise of reasonable care should have known that to leave said first row of bleachers in an opened and locked position posed a danger of injury to the students in said class;

(g) Failed to monitor the activities of the students in the physical education class, during the course of said class, when he knew or in the exercise of reasonable care should have known that such monitoring of the class was necessary to prevent injury to said students."

Two other counts alleged negligence against the high school and the school district for the failure to use reasonable care in providing both safe facilities and safe equipment for the students' use during the physical education classes. These counts need not be set forth as they were not dismissed and remain pending in the trial court.

Defendants filed a motion to dismiss which, in pertinent part, asserted that the three wilful and wanton counts were conclusory and did not set forth sufficient facts to constitute wilful and wanton misconduct. The trial court dismissed these counts finding that the facts as pleaded did not amount to wilful and wanton conduct as a matter of law. The court later found there was no just reason for delaying enforcement or appeal of the dismissal order, and plaintiff has appealed pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)).

Plaintiff contends that sufficient facts were alleged to state a

cause of action for wilful and wanton misconduct. He maintains that pleadings are to be liberally construed and that he is only required to plead that defendants knew or reasonably should have known that injury to him was likely to occur if the whiffle ball game was played in the close confines of the gymnasium while the first row of bleachers was pulled out in a locked position. He further argues that the pleaded facts demonstrate a "hazardous condition" which was disregarded by the defendants. Requiring that more facts be alleged, he contends, would result in the necessity of pleading evidentiary facts which, under the circumstances here, are facts within the knowledge of defendants and can be gained only through discovery.

■■■ To sufficiently plead wilful and wanton misconduct, a plaintiff must allege facts demonstrating the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. (*Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 97, 482 N.E.2d 1061.) Fact pleading, as opposed to notice pleading, is required in Illinois; accordingly, a plaintiff must allege facts that are sufficient to bring his claim within the scope of the legally recognized cause of action. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005.) Only well-pleaded facts are admitted by a motion to dismiss, and the requirement that a complaint set forth facts necessary for recovery under the theory asserted is not satisfied, in the absence of the necessary allegations, by the general policy favoring the liberal construction of pleadings. *Teter v. Clemens* (1986), 112 Ill. 2d 252, 256-57, 492 N.E.2d 1340.

■■ The standard for wilful and wanton misconduct as set forth by our supreme court is:

" 'A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care.' " (*O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015, quoting *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447.)

As the complaint herein does not allege the defendants intentionally caused plaintiff's injury, we are left with determining from the facts pleaded whether they sufficiently establish a reckless disregard for plaintiff's safety.

The parties have cited numerous cases which either affirm the dismissal of wilful and wanton counts (see, *e.g.*, *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 384 N.E.2d 100; *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153) or reverse the dismissal of wilful and wanton counts (see, *e.g.*, *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015; *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877). While these cases are helpful, we must focus on whether the facts alleged in the present case are sufficient to support a cause of action based on wilful and wanton misconduct.

■ As previously indicated, the complaint does not allege that defendant intentionally caused plaintiff's injury. Nor do we believe that, under the facts alleged, the complaint sufficiently establishes defendants' reckless disregard for plaintiff's safety. While arguably the complaint may set forth a cause of action based on negligence, it fails to allege sufficient facts upon which wilful and wanton misconduct may be based. The allegations that the game of whiffle ball was played within the close confines of the school gymnasium coupled with the bare assertion that the defendants knew or should have known of a danger of injury to the students does not set forth facts as to what specific circumstances made this activity dangerous, or any more dangerous than all the other athletic activities normally conducted in a school gymnasium. Further, the additional assertion that the first row of bleachers was open and in a locked position, without more facts disclosing how this created a danger which proximately caused plaintiff's injury, does not show a factual basis which would support a claim of wilful and wanton misconduct. There are no specific allegations setting forth facts which would show why defendant Evans knew or should have known of impending danger. The complaint did not allege where the bleachers were located in relation to the whiffle ball game or what specific conduct in the game made the danger imminent in order to constitute a reckless disregard for the safety of others.

■ Although plaintiff argues that the pleading of additional facts would require him to plead evidence, fact pleading, as opposed to notice pleading, is required in Illinois, and sufficient facts must be alleged to plead a cause of action. (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 256, 492 N.E.2d 1340.) Plaintiff also contends that much of the evidence surrounding defendants' wilful and wanton misconduct is known only to them, and that it is impossible for him to fully set forth additional facts at the pleading stage. Even assuming plaintiff may

learn additional facts upon proceeding with discovery, this does not excuse him from pleading sufficient facts to establish wilful and wanton misconduct.

As a result, we find that the facts pleaded do not establish wilful and wanton misconduct on the part of defendants, and that the trial court properly dismissed the counts based upon wilful and wanton misconduct.

Affirmed.

HOPF and LINDBERG, JJ., concur.