MICHAEL AUSMUS, a Minor by his Mother and Next Friend, Debbie Ausmus, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—1394

Opinion filed April 16, 1987.

Eric Gibson, of Chicago, for appellant.

Sandra Young, John T. Wardrope, and Joseph F. Vosicky, Jr., all of Purcell & Wardrope, Chartered, of Chicago, for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the dismissal of count I of a complaint seeking damages for personal injuries.

Plaintiff, a minor, by his mother and next friend, filed a three-count, second-amended complaint against defendants, the Chicago board of education (the board) and John Bates, a teacher at the Nathaniel Green Elementary School in Chicago, for injuries he sustained when he was hit in the face with a wooden bat swung by a female classmate (Tammy) while he was playing the position of catcher in a softball game conducted during his third-grade physical education class. Count I, which named only the board, sounded in ordinary negligence; count II, against both defendants, alleged willful and wanton misconduct; and count III charged a constitutional violation premised on 42 U.S.C. sec. 1983 (1982). Defendants' motions to dismiss were granted and this appeal, which concerns only the dismissal of count I, followed.

In that count, plaintiff alleges, in substance, that the board breached its duty to exercise reasonable care in providing the students with safe equipment for use in connection with a school-conducted softball game by (a) negligently furnishing them with a regulation size and weight wooden bat for use by adults, which was too heavy to be safely held and swung by children of the age of plaintiff and his classmates, many of whom, including Tammy, had no previous experience in swinging any type of baseball bat and who were unable, because of their size and lack of experience, to properly hold or swing a baseball bat of the type furnished; and (b) failing to provide (1) equipment less dangerous for use by children of plaintiff's age and experience, such as a plastic or lighter wooden or aluminum bat, (2) a safety helmet or face mask to protect the child acting as catcher against injuries of the type sustained by plaintiff, (3) a backstop or other markings to indicate the areas within and behind which were safe for batting and catching, respectively, and (4) adequate medical and first aid equipment for use by school personnel in attending to injured children and that his injuries were the proximate result thereof.

OPINION

■■ ■ When presented with a motion to dismiss challenging the legal sufficiency of a complaint, the court is required to accept as true all well-pleaded facts and reasonable inferences therefrom (*American States Insurance Co. ex rel. Community Unit School District No. 27 v. Flynn* (1981), 102 Ill. App. 3d 201, 429 N.E.2d 587) and then deter-

mine whether the allegations, when interpreted in the light most favorable to the plaintiff, are sufficient to state any cause of action upon which relief may be granted (*Rinck v. Palos Hills Consolidated High School District No. 230* (1979), 82 Ill. App. 3d 856, 863, 403 N.E.2d 470; *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 677, 384 N.E.2d 100). In examining the complaint, conclusions unsupported by facts are to be disregarded (*Tijerina v. Evans* (1986), 150 Ill. App. 3d 288, 501 N.E.2d 995); but the action should not be dismissed unless it clearly appears that no set of facts can be proved which would entitle the plaintiff to relief (*Griffis v. Board of Education* (1979), 72 Ill. App. 3d 784, 787, 391 N.E.2d 451).

■ Turning then to the complaint at issue, the parties agree that, generally, school districts are immune from liability for ordinary negligence by virtue of sections 24—24 and 34—84a[1] of the School Code (Ill. Rev. Stat. 1985, ch. 122, pars. 24—24, 34—84a), which each provide in pertinent part:

> "Teachers and other certificated educational employees shall maintain discipline in the schools ***. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, our supreme court held that the *in loco parentis* status conferred upon educators by these sections extends to nondisciplinary as well as disciplinary matters and that a plaintiff must, therefore, prove willful and wanton misconduct to recover in suits alleging improper supervision.

Relying primarily on *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, and *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, plaintiff contends, however, that unlike the complaint at issue in *Kobylansk·*, count I of his complaint does not allege negligence in connection with matters relating to supervision but, rather, states a valid cause of action for negligence in furnishing improper equipment—to which the immunity conferred upon school districts by section 34—84a, as construed by *Kobylanski*, does not extend—and that it was, therefore, improperly dismissed.

---

[1]Section 24—24 applies to cities with populations less than 500,000 and section 34—84a applies to those of greater than 500,000 population.

In *Gerrity,* the 15-year-old plaintiff suffered severe injuries while making a tackle in a junior-varsity football game. He alleged, in count VI of his complaint, that the defendant school district was negligent in furnishing him with an ill-fitting and inadequate helmet. In reversing the order dismissing that count, the court held that sections 24—24 and 34—84a do not apply to the furnishing of equipment and that a plaintiff in such cases need only prove ordinary negligence. In so ruling, the court stated,

> "As distinguished from [*Kobylanski* and certain cases cited therein], count VI in the case at bar did not allege negligence arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student, but instead alleged negligence in connection with what we consider to be the separate function of furnishing equipment which was alleged to be inadequate, ill-fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff. The public policy considerations in authorizing, and indeed encouraging, teachers to have broad discretion and latitude in the former situation quite clearly do not apply with as much force to the latter. On the contrary, public policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is *fit for the purpose.* To hold school districts to the duty of ordinary care in such matters would not be unduly burdensome, nor does it appear to us to be inconsistent with the intended purposes of sections 24—24 and 34—84a of the School Code.
>
> We therefore conclude that *Kobylanski* is not controlling here and that the factual allegations of count VI fall outside the scope of sections 24—24 and 34—84a of the School Code." (Emphasis added.) *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52-53, 373 N.E.2d 1323.

*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, was an appeal by the defendant school board from the judgment entered on a jury verdict for plaintiff, who sustained injuries during a high school girls' "powderpuff" football game. With respect to the board's contention that the rule in *Gerrity* was inapplicable to the facts presented because having furnished *no* equipment for the unauthorized game, it could not have been negligent in furnishing *defective* equipment, the court stated,

"We *** do not think that, because the defendant did not furnish any equipment to the students, it is absolved from liability for failing to provide *effective* equipment. Instead, we think that a school district has an affirmative duty, where students are engaging in school activities ***, to furnish equipment to prevent serious injuries. At the least, a school district should furnish helmets and face guards for a game such as football, where head injuries are common and severe." (Emphasis added.) 82 Ill. 2d 415, 434, 412 N.E.2d 447, 459.

■ In the instant case, count I of plaintiff's complaint alleged, *inter alia*, that his injuries were proximately caused by the board's negligence in furnishing, for use in connection with its physical education curriculum, inappropriate and unsafe equipment not fit for the purpose intended in that it (a) provided a regulation size and weight bat of the type used by adults to the students in plaintiff's third-grade class which, due to its size and the students' general lack of experience in swinging bats, was too heavy to be safely held and swung by them, and particularly by Tammy, who had not previously held or swung any type of bat, and (b) failed to furnish the students with equipment which was more appropriate in size and weight and, therefore, less dangerous for use by children of their age, size, and experience. It is our opinion that, while perhaps not an example of model pleading, count I recites sufficient factual allegations to state a cause of action under the rule first enunciated in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, for negligence in failing to furnish safe athletic equipment fit for the purpose intended. See also *Hadley v. Witt Unit School District No. 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877 (where, in addition to other allegations, a complaint alleges that the school district was negligent in providing hazardous equipment, it should not be barred as a matter of law because the school district has a duty to provide safe equipment); *Nielsen v. Community Unit School District No. 3* (1980), 90 Ill. App. 3d 243, 412 N.E.2d 1177 (Supreme Court Rule 308 (87 Ill. 2d R. 308), interlocutory appeal holding that plaintiff's complaint alleging negligence by the school district in furnishing defective and dangerous equipment in a high school science class was not barred as a matter of law); *Griffis v. Board of Education* (1979), 72 Ill. App. 3d 784, 789, 391 N.E.2d 451 (a reversal of the dismissal of a negligence action against the school district, wherein the court stated, "[l]ike the court in *Gerrity*, we are not anxious to relieve school boards from liability for acts which do not clearly fall within the doctrine of educational immunity"); and *Thomas v. Chicago Board of Education* (1978), 60 Ill. App.

3d 729, 377 N.E.2d 55, *rev'd on other grounds* (1979), 77 Ill. 2d 165, 395 N.E.2d 538 (complaint that school board was negligent in furnishing ill-fitting and obsolete football equipment was sufficient to state a cause of action under the holding in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323).

For the reasons stated, the order dismissing count I of plaintiff's complaint for failure to state a cause of action is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.