MEGHAN GARA, a Minor, by her Mother and Next Friend, Judith B. Gara, *et al.*, Plaintiffs-Appellants, v. CHRIS LOMONACO *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—3536

Opinion filed May 25, 1990.

Robert W. Karr and Marion A. Morawicz, both of Robert W. Karr & Associates, Ltd., of Chicago, for appellants.

Vedder, Price, Kaufman & Kammholz, of Chicago (Richard C. Robin and Debra I. Danner, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their complaint for failure to state a cause of action under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). We address the issue of whether plaintiffs' complaint states a cause of action for negligence and wilful and wanton misconduct against teachers and the school district. We affirm.

Plaintiffs, Meghan Gara, a minor, and her mother, Judith Gara, filed a six-count complaint against defendants Chris Lomonaco, M.

Schave, and S. Reeves, who were teachers at Meghan's school, and against School District No. 54. Plaintiffs alleged that on January 24, 1986, Meghan was injured while jazz dancing on wrestling mats in physical education class. The mats were placed on the floor end to end but were not taped down. During the dance, Meghan caught her foot between two mats that overlapped and she fell. She asked defendant Lomonaco, her physical education teacher, for permission to see the school nurse but Lomonaco "refused." In her next two classes, Meghan requested permission from the teachers, defendants Schave and Reeves, to see the nurse. Both teachers also "refused" her request. Subsequently, plaintiffs learned Meghan's ankle was fractured.

In count I plaintiffs alleged that defendants Lomonaco, Schave, Reeves, and School District No. 54 were negligent for refusing to allow Meghan permission to see the nurse, failing to examine Meghan to determine whether she needed medical attention, and failing to inform Meghan's parents that she had been injured so that they could seek medical care. Plaintiffs alleged that as a proximate cause of defendants' negligence, Meghan suffered an "exacerbation" of her injury, additional pain and suffering, and suffered a permanent injury.

In count II plaintiffs alleged that defendants Lomonaco and School District No. 54 were liable for wilful and wanton misconduct because defendants knew or should have known that wrestling mats which were not taped down would create a dangerous condition, failed to stop the jazz dancing when the mats overlapped, and "recklessly failed to discover" the dangerous condition of the overlapped mats. As a proximate cause of defendants' wilful and wanton misconduct, Meghan fractured her ankle.

In count III plaintiffs alleged that defendant School District No. 54 was negligent in failing to provide "appropriate" mats for jazz dancing and failed to properly use the wrestling mats by not taping the ends together. As a proximate cause of defendant's negligence, Meghan fractured her ankle.

Counts IV, V, and VI were identical to counts I, II, and III, respectively, but sought recovery for expenses under section 15 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1985, ch. 40, par. 1015).

Defendants filed an appearance and moved to dismiss plaintiffs' complaint under section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) for failure to state a cause of action. The trial court granted the motion to dismiss, and plaintiffs filed a timely notice of appeal.

OPINION

In ruling on a motion to dismiss, the court must accept as true all well-pled facts and reasonable inferences from plaintiff's complaint. (*Ausmus v. Board of Education* (1987), 155 Ill. App. 3d 705, 508 N.E.2d 298.) Plaintiff's complaint must allege sufficient facts to support a cause of action. (*Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 544 N.E.2d 733.) The allegations must be viewed in a light most favorable to the plaintiff, and the action should not be dismissed unless it appears "that no set of facts can be proved which would entitle the plaintiff to relief." *Ausmus*, 155 Ill. App. 3d at 707, 508 N.E.2d at 299.

I

Counts I and IV of plaintiffs' complaint were directed against Meghan's teachers and the school district. Plaintiffs alleged that defendants were negligent when they refused to give Meghan permission to see the nurse, failed to examine her to determine whether she needed medical attention, and failed to inform her parents that she had been injured.

Relevant to this issue is section 24—24 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—24), which applies to cities with a population of under 500,000.[1] The section provides:

"§ 24—24. Maintenance of discipline. Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Ill. Rev. Stat. 1985, ch. 122, par. 24—24.)

The Illinois Supreme Court found that section 24—24 confers immunity to teachers and other certificated educational employees from negligence actions involving activities related to school in nondisciplinary and disciplinary matters. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) Therefore, teachers

---

[1]Section 34—84a of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 34—84a) is applicable to cities with a population of more than 500,000 and is identical to section 24—24.

cannot be liable for a student's injuries in such cases unless their conduct was wilful and wanton. *Kobylanski,* 63 Ill. 2d 165, 347 N.E.2d 705.

In *Kobylanski,* the supreme court reviewed two cases where students brought negligence actions against their teachers and school districts for injuries sustained during physical education class. Both complaints alleged defendants failed to properly supervise the activity in class. The court rejected plaintiffs' arguments that the statute only conferred immunity in disciplinary matters and found section 24—24 granted immunity to defendants for the activities alleged in plaintiffs' complaints. Under the situations presented, plaintiffs would have to prove that defendants' conduct was wilful and wanton.

Seeking to avoid the effect of *Kobylanski,* plaintiffs argue that counts I and IV state a cause of action for negligence under *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015, where the supreme court found that section 24—24 did not apply to plaintiff's cause of action for negligence against his teachers and the school district. In *O'Brien,* plaintiff alleged he was injured in an activity unrelated to school and outside of school property. Plaintiff named two teachers, a student, and the school district as defendants and alleged that the teachers, as agents of the district, directed the student, who did not have medical training, to treat his injury. As a result of the treatment, plaintiff suffered personal injuries. One count of plaintiff's complaint alleged defendants were liable for negligence. On defendants' motion, the trial court dismissed plaintiff's complaint for failure to state a cause of action. The supreme court, however, reversed noting that the immunity under section 24—24 applied only to activities connected with the school program. The court found that defendants' alleged conduct of directing an untrained student to treat plaintiff was not an activity connected to the school program and that plaintiff's injury occurred outside of school property in an activity unrelated to school. Further, defendants did not have training to provide medical treatment to plaintiff. The court stated:

> "Teachers are not privileged to do everything that a parent may do. Any decision as to the necessity of medical treatment, *at least of the type alleged to have been administered here,* was for the plaintiff's parents, rather than his teachers, to make in the first instance. In our opinion, the negligence alleged clearly went beyond and was totally outside the ambit of a teacher's supervisory function." (Emphasis added.) (*O'Brien,* 83 Ill. 2d at 467-68, 415 N.E.2d at 1018.)

The court found defendants' alleged negligent conduct was outside the scope of section 24—24 and plaintiff's complaint stated a cause of action for negligence.

■ *O'Brien* is distinguishable from the case at bar. *O'Brien* involved teachers providing medical treatment to a student who was injured outside of school property in an activity unrelated to school. Under that situation the supreme court found that the immunity of section 24—24 did not apply. Here, however, Meghan was injured on school premises in an activity connected with the school program. *O'Brien* acknowledged that such a situation generally immunizes teachers and school districts from liability for negligence. Also, here defendants did not venture outside of their expertise and impose improper medical treatment as in *O'Brien.* Further, plaintiffs do not cite and we have not found a case that extended the holding of *O'Brien* to a case with facts similar to those presented here. The teachers in this case were faced with determining whether it was necessary to allow Meghan to see the school nurse. On the facts alleged in plaintiffs' complaint, we believe that defendant's conduct falls within a teacher's supervisory authority and, therefore, under *Kobylanski*, section 24—24 provides immunity for such a negligence action. Counts I and IV of plaintiffs' complaint were properly dismissed.

## II

Counts II and V of plaintiffs' complaint alleging wilful and wanton misconduct were directed against Lomonaco, who was Meghan's physical education teacher, and the school district. Plaintiffs alleged that Lomonaco, as an agent of the school district, knew or should have known that wrestling mats which were not taped down and used for jazz dancing would create a dangerous condition, failed to stop the jazz dancing when the mats overlapped, and failed to discover the danger of overlapped mats when it could have been discovered with ordinary care.

■ A complaint for wilful and wanton misconduct must allege facts to support "either a deliberate intention to harm or an utter indifference *** or conscious disregard" for plaintiff's welfare. (*Adkins*, 129 Ill. 2d at 518, 544 N.E.2d at 743.) Despite the rule that pleadings are to be liberally construed, a complaint must allege facts necessary to support recovery under a cause of action. *Tijerina v. Evans* (1986), 150 Ill. App. 3d 288, 501 N.E.2d 995.

In their brief, plaintiffs state that "perhaps" the facts of the wilful and wanton misconduct count were "too subtle" in alleging how the jazz dancing was dangerous. Plaintiffs then "elaborat[ed]" on the

allegations of their complaint. Because this court can only review the allegations of plaintiffs' complaint in determining whether it states a cause of action (*MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 484 N.E.2d 371), we disregard these elaborations in plaintiffs' brief.

Plaintiffs assert that the present case is "not too dissimilar" from *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877, where plaintiff, a student in an industrial arts class, was hammering scrap metal into a hole in an anvil without wearing safety goggles. The teacher observed him during this activity but did not tell him to wear goggles. Plaintiff was injured when a metal scrap flew into his eye. Summary judgment was granted in defendants' favor. On review, the appellate court found that the complaint stated a cause of action for wilful and wanton misconduct but reversed the summary judgment because the question of whether the conduct was wilful and wanton was one of fact.

Although *Hadley* was on review from summary judgment, plaintiffs in the present case rely on the appellate court's finding that the complaint stated a cause of action for wilful and wanton misconduct. The court in *Hadley* relied on plaintiff's allegations that the teacher was present while plaintiff was hammering metal into an anvil without protective goggles but did not direct him to wear goggles and that the teacher knew or should have known that the metal could splinter and cause an injury. *Hadley*, however, presented a different factual situation from the case at bar. In *Hadley*, plaintiff alleged the teacher actually observed plaintiff in a situation that the court found "dangerous" but the teacher did nothing. (*Hadley*, 123 Ill. App. 3d at 23, 462 N.E.2d at 881.) Here, even assuming the activity was dangerous, there was no allegation that Lomonaco observed a dangerous situation and failed to act. Therefore, *Hadley* is not dispositive of the issue before us.

■ In this case, plaintiffs alleged that Lomonaco directed Meghan to jazz dance on wrestling mats which were not taped down, that the mats overlapped during the dance, and that Lomonaco did not discover the overlapped mats or stop the activity. To support a cause of action for wilful and wanton misconduct, plaintiffs must allege facts which if proven exhibit a deliberate intention to harm or an utter indifference or conscious disregard for Meghan's safety. Plaintiffs did not allege Lomonaco deliberately intended to harm Meghan. Further, the facts alleged do not support a finding that Lomonaco's conduct exhibited an utter indifference or conscious disregard for Meghan's safety. The allegations of counts II and V arguably state a

cause of action for negligence for which defendants would be immune; however, defendants' conduct did not rise to the level of wilful and wanton misconduct. Therefore, the trial court's dismissal of counts II and V of plaintiffs' complaint was proper.

## III

Lastly, in counts III and VI plaintiffs alleged that the school district was negligent when it failed to provide appropriate mats for jazz dancing and failed to properly use the wrestling mats.

■ The leading case in the area of a school district's liability for furnishing equipment is *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323. In *Gerrity*, plaintiff alleged that the school district was negligent in furnishing him with an "ill-fitting and inadequate football helmet." (*Gerrity*, 71 Ill. 2d at 49, 373 N.E.2d at 1324.) The trial court dismissed the complaint based on the supreme court's decision in *Kobylanski* that under the School Code the school district was immune from negligence actions and could only be sued for wilful and wanton misconduct. On appeal from the dismissal of the complaint, the supreme court in *Gerrity* found that *Kobylanski* did not apply to a negligence action against the school district in furnishing equipment. The court distinguished *Kobylanski* and other cases because they involved a teacher's supervision and control of students. The court in *Gerrity* found that the alleged negligent conduct of the school district in furnishing equipment was a separate function which did not affect the teacher-student relationship. Therefore, the court found plaintiff's complaint stated a cause of action for negligence in "furnishing equipment *** alleged to be inadequate, ill fitting and defective and *** was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff." *Gerrity*, 71 Ill. 2d at 52, 373 N.E.2d at 1326.

■ Plaintiffs in this case alleged that the school district failed to provide "appropriate" mats for jazz dancing but did not allege how the mats were inappropriate. For example, plaintiffs rely on *Ausmus* (155 Ill. App. 3d 705, 508 N.E.2d 298), where plaintiff alleged the school board was negligent when it furnished regulation size and weight bats for a third-grade physical education class. Plaintiff alleged the bats were too heavy for the students and, as a result, plaintiff was hit in the face with a bat swung by another student. On appeal from the dismissal of the complaint, the appellate court found the complaint stated a cause of action for negligence in failing to furnish safe athletic equipment fit for the purpose intended. In *Ausmus*, plaintiff specifically alleged how the bats were not fit for the purpose

intended. In this case, however, plaintiffs merely concluded the mats were inappropriate without any supporting facts.

Plaintiffs also alleged that the school district failed to appropriately use the wrestling mats by not taping them down. However, teachers have the authority to supervise their students' use of equipment. (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538.) In this case, the school district's liability would, therefore, be dependent on Lomonaco's conduct as its agent, and under section 24—24, the school district would be immune from a negligence action involving the use of the mats. (*Thomas*, 77 Ill. 2d 165, 395 N.E.2d 538.) The trial court properly dismissed counts III and VI of plaintiffs' complaint for failure to state a cause of action for negligence against the school district.

Affirmed.

MURRAY and GORDON,* JJ., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the record and briefs and listened to the oral argument tape.