J. P. MILLER ARTESIAN WELL COMPANY, Plaintiff-Appellant, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 62040

Opinion filed May 6, 1976.—Rehearing denied August 12, 1976.

Daniel A. Gallagher, Ralph O. Butz, and Daniel Francis Gallagher, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Michael A. Tyrrell, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff brought this action at law against Cook County, the sheriff of Cook County, and two deputy sheriffs. The circuit court of Cook County struck plaintiff's complaint as to the sheriff, Richard Elrod, and dismissed the cause as to Elrod. Plaintiff appeals.

We affirm.

Plaintiff's complaint alleges the following pertinent facts. On the evening of January 7, 1974, plaintiff was in the process of drilling a water well for the Village of Palatine on the Village's property. Defendant William Collins, a uniformed and armed deputy sheriff, appeared at the drilling site and told plaintiff's workers that his office had received a number of complaints about the noise emanating from the site, and that the drilling would have to stop. Plaintiff's workers then told Deputy Collins that if they stopped drilling, their tools would get stuck in the hole and that it would be expensive to repair the damage. Collins left. He returned several hours later, in the early morning hours of January 8, and repeated his request for the drilling to stop because of the noise. Plaintiff's workers again explained that if they were to stop drilling, the damages could amount to $100,000 or more. The deputy then said that he "had orders from his boss to shut down the drilling operation." Plaintiff's employees stopped drilling and allegedly sustained damages in the amount of $250,000. The complaint alleged that Deputy Richard Lowphorf was Collins' supervisor, and plaintiff demanded judgment

against Deputy Sheriffs Collins and Lowphorf, Sheriff Elrod, and Cook County. The only basis for recovery stated in the complaint is that the defendants breached their duties to refrain from interfering with plaintiff's work, and that plaintiff's damages were the proximate result of that interference. There are no allegations that Sheriff Elrod personally directed, participated in or was aware of any of the events at the drilling site.

Plaintiff's position on appeal is that the trial court erred in dismissing the complaint as to Sheriff Elrod because Elrod is statutorily liable for the neglect and omissions of his deputy sheriffs. Defendant Elrod argues that the complaint fails to state a cause of action as to him.

■■ The Sheriff's liability is premised upon the following statute:

"The sheriff shall be liable for any neglect or omission of the duties of his office, when occasioned by a deputy, in the same manner as for his own personal neglect or omission." (Ill. Rev. Stat. 1973, ch. 125, par. 13.)

To state a cause of action against a sheriff under this statute, a complaint must allege that the damage resulted from the neglect or omissions of a deputy. If a complaint alleges the deputy's intentional or wanton misconduct, this statute does not impose liability upon the sheriff. *De Correvant v. Lohman* (1967), 84 Ill. App. 2d 221.

■■ The complaint at bar does not allege any facts which show that either of the two deputy sheriffs acted negligently. We hold, therefore, that the complaint failed to state a cause of action as to Richard Elrod, sheriff of Cook County.

Plaintiff's argument that the deputy sheriffs acted negligently in failing to ascertain their authority are made for the first time on appeal and will not be considered.

The order of the circuit court of Cook County dismissing the complaint as to defendant Elrod is affirmed.

Order affirmed.

MEJDA, P. J., and McNAMARA, J., concur.