Albert CHANEY, Plaintiff,

v.

CITY OF CHICAGO, et al., Defendants.

No. 94 C 4482.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 2, 1995.

Steven Michael Gleason, William Peter Caputo, Barry Mitchel Snitman, Nilson, Stookal, Gleason & Caputo, Chicago, IL, for plaintiff.

Terry L. McDonald, Douglas Staser Steffenson, Cook County State's Attorney, Chicago, IL, for defendants.

1. This background is taken from the facts alleged in the complaint, as set forth in our earlier opinion in this action.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, Chief Judge:

Plaintiff Albert Chaney brings this two-count complaint under 42 U.S.C. § 1983 and various provisions of Illinois law. Presently before the court are defendant Michael F. Sheahan's motion to dismiss, defendant James Collins' motion to dismiss, and defendant George F. Nichols' motion to dismiss and motion to decline supplemental jurisdiction. For the reasons set forth below, defendant Sheahan's motion to dismiss is denied, defendant Collins' motion is denied, and defendant Nichols' motion to decline supplemental jurisdiction is granted, and his motion to dismiss is stricken as moot.

## I. Background [1]

In 1990, a double homicide and sexual assault occurred on the north side of Chicago. Over two years later, in October, 1992, plaintiff Albert Chaney was arrested for the crimes. According to the allegations of the complaint, the arrest was made without a warrant and without probable cause, as Chaney does not fit the physical description of the assailant. Chaney asserts that the arrest was, in part, the result of a "de facto" policy of the City which encourages officers to disregard the civil rights of arrestees. According to Chaney, the City uses a point system as a means of evaluating its police officers, in that officers with low point totals are evaluated less favorably than those with high point totals.[2] Chaney asserts that this point system has given rise to an implied policy, whereby police officers effectuate unlawful arrests to inflate their respective point totals.

Following his arrest, Chaney was incarcerated in the Cook County Department of Corrections ("CCDOC"). Chaney claims that, during the period of incarceration, various County officers violated his civil rights. Specifically, he maintains that immediately prior to his incarceration, he underwent surgery on his feet. Chaney asserts that he requested necessary post-surgical medical treatment from defendant James Collins at the Cook

2. We assume that officers are awarded points for arrests, although Chaney does not expressly allege so in his complaint.

County Jail on December 28, 1992, but that the requested treatment was not provided until November, 1993. In addition, Chaney claims that he was bitten by a rat on June 8, 1993, and that he was denied medical treatment for three days. Finally, he asserts that deputy D. Angel kicked him in the foot "with the intent to cause pain and bodily harm."

In November, 1993, authorities concluded that Chaney was not, in fact, the assailant, and released him from custody. He subsequently brought the present action against the various individuals he claims participated in the alleged deprivations of his civil rights, as well as the City of Chicago, Cook County, and Cook County Sheriff Michael F. Sheahan. On December 22, 1994, we dismissed Cook County from this action, but denied the City's motion to dismiss. *See Chaney v. City of Chicago,* No. 94 C 4482, 1994 WL 724879 (N.D.Ill. Dec. 22, 1994). Chaney soon thereafter voluntarily dismissed both the City and the City of Chicago police officers, leaving only Cook County Sheriff Michael Sheahan, deputies Collins and Angel, and James Nichols, Chaney's appointed public defender, as named defendants in this action.

## II. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

## III. Discussion

A. Defendant Sheahan's Motion to Dismiss

Based upon an extremely (perhaps overly) broad reading of Chaney's complaint, Sheahan has moved to dismiss any claim brought against him under 42 U.S.C. § 1983, based upon quasi-judicial immunity, Eleventh Amendment immunity, failure to allege a policy or custom which caused any constitutional deprivation, and failure to allege Sheahan's personal involvement in the alleged deprivation. In addition, Sheahan moves to dismiss Chaney's state law claim, which is grounded in 55 ILCS 5/3–6016. Whatever confusion is engendered by the breadth (or lack thereof) of Chaney's complaint is cured in Chaney's response to Sheahan's motion, in which he disclaims any reliance upon § 1983, and indicates his intention to proceed solely upon the state law claim against Sheahan. And with respect to that claim, Sheahan's motion must fail. The relevant statute provides:

> The Sheriff shall be liable for any neglect or omission of a duty of his or her office when occasioned by a deputy or auxiliary deputy, in the same manner as if his or her own personal neglect or omission.

55 ILCS 5/3–6016. As the Illinois Appellate Court has noted, the statute only applies to the extent a complaint alleges that a deputy was negligent; it does not impose liability on the sheriff for a deputy's intentional or wanton misconduct. *J.P. Miller Artesian Well Co. v. County of Cook,* 39 Ill.App.3d 1020, 352 N.E.2d 372, 373 (1976). Sheahan suggests that Chaney's complaint only alleges intentional conduct on the part of the deputies at the CCDOC. With respect to Deputy Angel, Sheahan is correct. The complaint clearly alleges that Angel kicked Chaney in the foot "with the intent to cause pain and bodily harm." Accordingly, Sheahan cannot be liable for Angel's conduct.

Sheahan's liability for Collins' conduct, on the other hand, is another matter. In his complaint, Chaney asserts that Collins "refused to provide" Chaney with medical assistance for his feet. Reading Chaney's complaint broadly, as we must, we conclude that the allegation regarding Collins could support a claim of negligence, as well as one of intentional conduct. Because Sheahan would be liable under 55 ILCS 5/3–6016 for Collins' negligent conduct, Chaney's complaint against Sheahan, as it relates to the actions of Collins, must be allowed to go

forward. Accordingly, Sheahan's motion to dismiss the complaint is denied.

## B. Defendant Collins' Motion to Dismiss

In his complaint, Chaney alleges that he had surgery on his feet immediately prior to his incarceration. He claims that he sought necessary medical aftercare in prison in December, 1992, but that defendant Collins and others refused to provide him access to such care for nearly eleven months. He claims that Collins' action in delaying his access to medical treatment amounts to a violation of his constitutional rights.

Deliberate indifference by prison personnel to a prisoner's serious medical needs constitutes cruel and unusual punishment, in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, because the Eighth Amendment only encompasses punishments imposed upon persons convicted of a crime, principles of Fourteenth Amendment due process protect pretrial detainees from deliberate indifference to their serious medical needs. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).[3] In *Salazar v. City of Chicago*, 940 F.2d 233 (7th Cir.1991), the Seventh Circuit held that deliberate indifference may be shown through either intentional or criminally reckless conduct. *Id.* at 239. Criminally reckless conduct, in turn, is defined as "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). Using these principles as our guide, and reading Chaney's complaint in the light most favorable to him, we conclude

that Chaney has adequately alleged deliberate indifference. He asserts that he "sought" post-surgical medical treatment for his feet, but that he was "refused" such treatment by Collins. Furthermore, he claims that he was not provided the requested treatment for approximately eleven months after he requested it. These allegations are sufficient to implicate both Collins' knowledge of the threat of harm to Chaney, and Collins' prolonged failure to provide Chaney access to medical assistance. We therefore conclude that Chaney has adequately alleged deliberate indifference. *See, e.g., Murphy v. Walker*, 51 F.3d 714, 719 (7th Cir.1995) (pretrial detainee who experienced over five-month delay in examination of head injury, notwithstanding requests to see physician, stated claim for deliberate indifference).[4]

As discussed above, however, Chaney must also allege a serious medical need. Serious medical needs are to be determined from the point of view of a reasonable jailer, and are defined as "those that may be life threatening or pose a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir.1991). Using this standard, we have no difficulty in concluding that Chaney has adequately alleged a serious medical need. He asserts that the delay in post-surgical treatment caused suffering, and the condition of his feet deteriorated. The Seventh Circuit faced a similar situation in *Murphy*. There, the plaintiff's broken hand was set by a doctor, with instructions to return for follow-up treatment. Instead, the prison officers removed the cast and splint themselves, and refused to take Murphy to a physician for further medical care to his hand. The Sev-

---

**3.** As the Seventh Circuit has noted, however, this is largely a distinction without a difference, as the concept of punishment in the due process context is functionally equivalent to punishment under the Eighth Amendment. *See Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991).

**4.** Citing *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir.1987), Collins asserts that the Seventh Circuit has held that the mere allegation that a prison official "refused" to provide a pretrial

detainee with medical assistance is insufficient to state a claim of deliberate indifference. The court in *Shockley*, however, expressly limited its holding to the facts before it, rather than stating a general rule. *See id.,* ("[O]n these facts the mere implication of bad intent is not enough.") (emphasis added). Because Chaney's allegations are consistent with those found adequate by the Seventh Circuit in cases since *Shockley, see, e.g., Murphy*, 51 F.3d at 719–20, we decline to read *Shockley* as broadly as Collins urges.

enth Circuit concluded that Murphy had alleged a serious medical need:

> We find the allegations of the casual removal of the cast and splint from Murphy's hand and the failure to take him in for his follow-up examination troubling. A broken hand is a serious injury, and permanent harm or a "lingering disability" could result absent proper evaluation, possible realignment, and treatment. We believe that, in the vast majority of instances, any reasonable officer ought to conclude that a broken hand is a serious injury and that a cast is necessary. Thus, proper follow-up care should have been provided.

*Murphy*, 51 F.3d at 720 (internal citation omitted). The same analysis applies here. Surgery on the feet is inherently a serious matter, and failure to provide necessary aftercare and follow-up could result in a lingering disability. Under such circumstances, prison officials have an obligation ensure that persons entrusted to their care receive the appropriate medical attention. Because Chaney has sufficiently alleged that those steps were not taken here, despite Collins' notice of the risk of harm, we deny Collins' motion to dismiss.

## C. Defendant Nichols' Motion to Decline Supplemental Jurisdiction

 In Count II of his Second Amended Complaint, Chaney asserts that his public defender, defendant George F. Nichols, committed malpractice by making no attempt to prove Chaney's innocence. According to the complaint, it was only after Chaney retained new counsel that DNA tests establishing Chaney's innocence were ordered. In responding to Nichols' motion to dismiss this claim on the merits, Chaney has clearly indicated that the claim is based solely upon state law.

As such, however, it falls outside this court's original jurisdiction. The presence of a state-law malpractice claim before this court is instead explained by 28 U.S.C. § 1367, which provides:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they

form the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). In his original and amended complaints, Chaney claimed that he was arrested by City of Chicago police officers without a warrant or probable cause, and that the officers' action was taken pursuant to a policy or custom of the City of Chicago, all in violation of the United States Constitution. His claim against Nichols is thus supplemental to the claim against the City and Chicago police officers, as Chaney asserts that the unconstitutional action of the City and its officers was exacerbated by Nichols' incompetence. Accordingly, jurisdiction over the malpractice claim is conferred by 28 U.S.C. § 1367(a).

However, Chaney has since voluntarily dismissed the City and the Chicago police officers from this action. The only remaining federal claim is the § 1983 suit against Cook County Deputies Collins and Angel. We cannot conclude, however, that the remaining § 1983 claim and the malpractice claim are "so related ... that they form part of the same case or controversy." 28 U.S.C. § 1367. While they are tangentially related (*i.e.*, one reason that Chaney was in a position to be abused by the prison guards is that Nichols failed to order tests that would prove his innocence), they are, at bottom, two separate and distinct claims. Accordingly, we find that the federal claim to which the malpractice claim was supplemental is no longer a part of this action.

The remaining issue, then, is what action we should take. Nichols asks us to dismiss the state law claim without prejudice, so that Chaney may pursue it in the appropriate state court. While we clearly have discretion to retain jurisdiction over the claim, *see, e.g.*, *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir.1994), we believe that the better action is to dismiss the malpractice claim. 28 U.S.C. § 1367(c) provides, in relevant part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> . . . .

 

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). We acknowledge that this case does not fall directly within part (3), as we have not dismissed *all* claims over which we have original jurisdiction; the § 1983 claim against the deputies survives. However, we believe that our action is consistent with the principles behind that exception. The claim against Nichols is grounded solely in state law, and is therefore a claim with which the state courts would have greater familiarity. Furthermore, because there no longer exists in this court a federal claim based on the same or similar allegations as the Nichols claim, keeping the malpractice claim in this court would unnecessarily lengthen and complicate any trial in this matter. Dismissal of the claim without prejudice to pursue it in state court, on the other hand, would allow a more efficient and effective use of each courts' skills and resources, without posing the risk of a duplication of efforts. *Cf. Heideman v. Wirsing*, 840 F.Supp. 1285, 1303 (W.D.Wis.1992) (retaining jurisdiction where plaintiff's "state claims and his federal claims [were] simply different legal approaches to the same set of allegations"), *aff'd*, 7 F.3d 659 (7th Cir.1993). Finally, we note the defendants have yet to answer the complaint, no pretrial order has been filed, and no trial date has been set. These facts further support a decision to relinquish jurisdiction. *See Timm*, 32 F.3d at 277 n. 2. In sum, because the federal claims to which the malpractice claim is pendent have been dismissed, we exercise our discretion and dismiss the claim against Nichols without prejudice.[5]

### IV. Conclusion

For the reasons set forth above, defendant Sheahan's motion to dismiss is denied, defendant Collins' motion to dismiss is denied, and defendant Nichols' motion to decline supple-

mental jurisdiction is granted. Defendant Nichols' motion to dismiss is denied as moot. It is so ordered.

---

5. We note that, even if we did not possess the authority to dismiss the malpractice claim under 28 U.S.C. § 1367(c)(3), given the pendency of the federal claims against the deputies, we find that the circumstances of this case present compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c)(4).