SECOND DIVISION

November 27, 2001 

No. 1-99-4510

DeSHAUN BROWN,

Plaintiff-Appellant,

v.

FRED KING,

Defendant

(Michael Sheahan, Sheriff of Cook County,

Defendant-Appellee).

))))))))))

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

John G. Laurie,

Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

Following an automobile accident, plaintiff DeShaun Brown was shot in the leg by defendant Fred King, an off-duty deputy Cook County sheriff who had stopped at the scene of the accident.  Plaintiff subsequently filed an action against King and King's employer, defendant Michael Sheahan, the Cook County sheriff (the Sheriff).  The Sheriff's motion to dismiss the claims against him pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1998)) was granted by the trial court.  Plaintiff now appeals that ruling.  Defendant King is not a party to this appeal.

Plaintiff's amended complaint alleged the following facts.  On May 15, 1998, plaintiff was driving southbound on Interstate 94 (I-94), when he was involved in a motor vehicle collision with an automobile driven by Danny Johnson near 29th Street.  Cook County deputy sheriff Fred King questioned plaintiff on the shoulder of the highway.  According to the amended complaint, although King was off duty, he was investigating the accident pursuant to the authority vested in him by the Sheriff, who was his employer.  King flashed his official badge, obtained plaintiff's driver's license, and asked plaintiff to produce proof of insurance.  Plaintiff opened the passenger side door of his automobile and reached into the car to retrieve his proof of insurance from the glove compartment.  King drew his gun.  Plaintiff, frightened by the sight of the gun, then began to run away.  King fired his gun, striking plaintiff in the leg.

According to the amended complaint, King later pled guilty in criminal court to aggravated battery in connection with the shooting.  The complaint also alleges that, at all relevant times, King was a law enforcement officer employed by the Sheriff and was acting within the scope of his employment during the investigation of the automobile collision.

Count I of the amended complaint was directed only against King and alleged that King used excessive force.  Counts II and III were directed against both King and the Sheriff.  Count II alleged wilful and wanton misconduct.  Count III alleged negligence.  The Sheriff's liability was predicated on the doctrine of 
respondeat
 
superior
.

The Sheriff moved to dismiss the counts against him pursuant to section 2-619 of the Code of Civil Procedure.  Without specifying its reasoning
(footnote: 1), the trial court dismissed counts II and III as to the Sheriff with prejudice.  Plaintiff now appeals.

In reviewing the dismissal of an action pursuant to a section 2-619 motion, our review is 
de
 
novo
.  See 
McGee v. State Farm Fire & Casualty Co.
, 315 Ill. App. 3d 673, 680, 734 N.E.2d 144 (2000).  Where a cause of action has been dismissed pursuant to a section 2-619 motion, the questions on appeal are whether a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law.  See 
McGee
, 315 Ill. App. 3d at 680.

There is no dispute that under the doctrine of 
respondeat
 
superior
, an employer may be vicariously liable for the tortious acts of its employees committed within the scope of employment.  See, 
e.g.
, 
Sunseri v. Puccia
, 97 Ill. App. 3d 488, 493, 422 N.E.2d 925 (1981).  Thus, as a general rule, a municipality may be held liable for the tortious acts of police officers acting in the scope of their employment.  See 
Wolf v. Liberis
, 153 Ill. App. 3d 488, 492, 505 N.E.2d 1202 (1987).

For the purposes of a section 2-619 motion to dismiss, all well-pleaded facts in a complaint are admitted as true.  See 
McGee
, 315 Ill. App. 3d at 680.  According to the Sheriff, plaintiff has pleaded facts in the amended complaint which mandate, as a matter of law, the dismissal with prejudice of the Sheriff.  Specifically, the Sheriff relies on the fact that King was off duty at the time of the incident, that King shot plaintiff while plaintiff was trying to run away, that King pleaded guilty to the offense of aggravated battery in criminal court in connection with the incident, and that King intentionally or recklessly shot plaintiff.  According to the Sheriff, he was properly dismissed with prejudice because he cannot be held liable, pursuant to 
respondeat
 
superior
, for the intentional, criminal acts of his employees.

We first address the Sheriff's contention that he cannot be held liable for the intentional criminal acts of his deputy.  As noted above, King pled guilty to the charge of aggravated battery in connection with the shooting of plaintiff.  The claim against the Sheriff, however, was based on the doctrine of 
respondeat
 
superior
.  "It is well settled that, under the doctrine of 
respondeat
 
superior
, an employer may be liable for the negligent, wilful, malicious, or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer."  
Mitchell v. Norman James Construction Co.
, 291 Ill. App. 3d 927, 932, 684 N.E.2d 872 (1997).  Thus, the fact that King pled guilty to the criminal offense of aggravated battery, without more, does not require the dismissal of the claims against the Sheriff as a matter of law.

Both counts II and III rely for liability on plaintiff's assertion that King was acting within the scope of his employment at the time of the incident.  The Sheriff maintains that the counts against him were properly dismissed where King was not, as a matter of law, acting within the scope of his employment when the incident occurred.  The Sheriff first argues that King was acting outside the scope of his employment because he was off duty at the time of the incident.  Case law, however, supports plaintiff's contention that an off-duty officer may often be found to be acting within the scope of his employment.  See 
Gaffney v. City of Chicago
, 302 Ill. App. 3d 41, 52-54, 706 N.E.2d 914 (1998) (discussing 
respondeat
 
superior
 liability for actions of off-duty officers); 
Wolf
, 153 Ill. App. 3d at 492-93 (holding that a municipality is liable for those acts of an off-duty policeman that fall within the scope of his employment, and specifically for those acts he performs to enforce the law and preserve the peace); 
Bauer v. City of Chicago
, 137 Ill. App. 3d 228, 232-33, 484 N.E.2d 422 (1985) (noting that "it is beyond dispute that the city can be held liable for the actions of an off-duty police officer"); 
Banks v. City of Chicago
, 11 Ill. App. 3d 543, 550, 297 N.E.2d 343 (1973) (holding that since an officer is always obligated to attempt to prevent the commission of a crime in his presence, any action taken by him toward that end, even in his official off-duty hours, falls within the performance of his duties as a police officer).  The fact that King, a law enforcement officer, was off duty at the time of the incident does not establish, as a matter of law, that he was acting outside the scope of his employment.

The Sheriff argues, without citation to authority, that King cannot be said to have taken action to further the interests of the Sheriff as his employer where he later pled guilty to aggravated battery in connection with the incident.  The Sheriff also discounts the fact that King allegedly flashed his badge.  See 
Wolf
, 153 Ill. App. 3d at 493-94 (noting that 
an agent cannot confer power on himself and his agency or authority cannot be established by showing what he said or did).  The amended complaint states that King acted within the scope of his employment, stopped to investigate the accident, flashed his badge, and requested plaintiff's license and registration.  For the purposes of a section 2-619 motion to dismiss, these allegations are admitted as true.  
McGee
, 315 Ill. App. 3d at 680.  Further, as noted previously, under the doctrine of 
respondeat
 
superior
, an employer may be held liable for even the criminal acts of its employees where such acts are committed in the course of employment and in furtherance of the business of the employer.  
Mitchell
, 291 Ill. App. 3d at 932.  The Sheriff's argument does not persuade us that, as a matter of law, it must be found that King was not acting in his official capacity at the time of the incident.

Count II of the amended complaint alleged wilful and wanton misconduct on the part of King while executing or enforcing the law.  The count alleged that King was acting within the scope of his employment during the investigation of the automobile accident involving plaintiff.  The count further stated that pursuant to section 9-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (745 ILCS 10/9-102 (West 1998)) and the common law doctrine of 
respondeat
 
superior
, the Sheriff was liable for the wilful and wanton misconduct of King.

The Sheriff, in arguing that count II was properly dismissed as to him, points to nothing in the Tort Immunity Act that would protect him from liability for the intentional or wilful and wanton acts of an employee acting within the scope of his employment.  Instead, the Sheriff attacks plaintiff's reliance on the Tort Immunity Act in general and on section 9-102 in particular. 

The Sheriff first argues that plaintiff cannot plead and proceed with his lawsuit pursuant to the Tort Immunity Act.  The Sheriff relies on the written purpose of the Act, which states that the Act's purpose is to protect local public entities and public employees from liability arising from the operation of government and that the Act grants only immunities and defenses.  745 ILCS 10/1-101.1(a) (West 1998).  The Sheriff thus concludes that plaintiff is incorrect in maintaining that the Act imposes a legal duty and liability.  The Sheriff's focus is too narrow.  The Illinois Supreme Court has stated that the broad legislative purpose behind the Tort Immunity Act is to subject local governmental units to liability in tort on the same basis as private tortfeasors, with the exception of the immunities provided by the Act.  
In re Consolidated Objections to Tax Levies of School District No. 205
, 193 Ill. 2d 490, 502, 739 N.E.2d 508 (2000); see also 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 386, 665 N.E.2d 808 (1996) (noting that governmental units are liable in tort on the same basis as private tortfeasors except where a valid statute dealing with tort immunity imposes conditions upon that liability).  We note that there is no question the Tort Immunity Act applies to the Sheriff.  See 
Anton v. Sheriff of DuPage County
, 47 F. Supp. 2d 993, 1003 n.4 (N.D. Ill. 1999) (observing that every court that has faced the issue has held that county sheriffs are covered by the Tort Immunity Act).  The plaintiff was entitled to proceed against the Sheriff under the Act.

Section 9-102 of the Tort Immunity Act states, in pertinent part:

"A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."  745 ILCS 10/9-102 (West 1998).

Under section 9-102, the Sheriff is required to pay any tort compensatory damages judgment for which he or an employee acting within the scope of his employment is liable so long as the conduct was wilful and wanton.  See 
Anton
, 47 F. Supp. 2d at 1003.

According to the Sheriff, section 9-102 concerns indemnification, not 
respondeat
 
superior
 liability, and is inapplicable where there has been no judgment and no settlement in the instant case.  The Sheriff cites to two federal district court cases as support for his contention that plaintiff's reliance on section 9-102 is inapplicable and premature.  See 
Rosentreter v. Munding
, 736 F. Supp. 165, 171 (N.D. Ill. 1990) (holding that a cause of action under section 9-102 does not arise until judgment is entered against an individual governmental employee); 
Spiegel v. City of Chicago
, 920 F. Supp. 891, 901 (N.D. Ill. 1996) (holding same).  As was recently noted in 
Anton
, 47 F. Supp. 2d at 1003, however, the argument made by the Sheriff has since been rejected by the Seventh Circuit in 
Wilson v. City of Chicago
, 120 F.3d 681, 684-86 (7th Cir. 1997).  The court in 
Wilson
, 120 F.3d at 684-85, held that the fact that there is not yet a judgment against a local governmental employee that an employer could be ordered to pay does not prevent a plaintiff from maintaining a section 9-102 claim against the employer.  Plaintiff did not err in basing his claim against the Sheriff in part on section 9-102 of the Tort Immunity Act.  745 ILCS 10/9-102 (West 1998).

The parties also disagree on whether section 3-6016 of the Counties Code protects the Sheriff from liability for the intentional torts of his employees.  55 ILCS 5/3-6016 (West 1998).  Section 3-6016 states that "[t]he sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission."  55 ILCS 5/3-6016 (West 1998).  According to the Sheriff, the section is evidence that the legislature only allowed 
respondeat
 
superior
 liability for the Sheriff for the neglect or omission of his deputies, rather than for their intentional actions or their wilful and wanton conduct.  In support, the Sheriff relies upon 
J.P. Miller Artesian Well Co. v. County of Cook
, 39 Ill. App. 3d 1020, 352 N.E.2d 372 (1976), and 
Chaney v. City of Chicago
, 901 F. Supp. 266 (N.D. Ill. 1995).  In 
Miller Artesian
, 39 Ill. App. 3d at 1022, the court held that to state a cause of action against a sheriff under section 3-6016, a complaint must allege that the damage resulted from the neglect or omissions of a deputy.  The court in 
Miller Artesian
, 39 Ill. App. 3d at 1022, further held that if a complaint alleges a deputy's intentional or wanton misconduct, section 3-6016 does not impose liability upon the Sheriff.  Similarly, the court in 
Chaney
, 901 F. Supp. at 268, held that section 3-6016 only applies to the extent a complaint alleges that a deputy was negligent and does not impose liability on the sheriff for a deputy's intentional or wanton misconduct.

We find the instant case to be distinguishable from 
Miller Artesian
 and 
Chaney
.  Notably, the claims in those cases appeared to have been premised solely on section 3-6016.  Count II of the instant case is not premised on section 3-6016 at all.  Rather, liability is premised on section 9-102 of the Tort Immunity Act and on the doctrine of 
respondeat
 
superior
.  Further, section 3-6016 does not contain any language actually indicating that the Sheriff is completely immune from liability for the intentional and wanton acts of his employees.  Rather, it is silent regarding such liability.  We believe that reading the statute's silence as precluding all liability for intentional or reckless acts is an unwarranted interpretation.  See 
Gabriel Builders, Inc. v. Westchester Condominium Ass'n
, 268 Ill. App. 3d 1065, 1069, 645 N.E.2d 453 (1994) (noting that when the legislature is silent, a court may not fill a void through judicial interpretation).  Finally, while 
Miller Artesian
 and 
Chaney
 may be correct in saying liability for the intentional and wanton acts of sheriff's employees may not be premised on section 3-6016, we believe that is as far as those holdings go.  Those cases were concerned only with liability based on section 3-6016 and did not say sheriffs were completely immune from 
respondeat
 
superior
 liability for the intentional and wanton acts of sheriff's employees acting in the scope of their employment.

However, the Sheriff cites to federal district court decisions that appear to support his position.  In 
Harris v. Sheahan
, No. 98 C 1271, slip op. at __ (N.D. Ill. Nov. 24, 1998), the court held that section 3-6016 "specifically addresses the liability of a county sheriff for the intentional or wanton misconduct of deputy sheriffs" and had been interpreted in 
Chaney
 and 
Miller Artesian
 as prohibiting sheriff liability for a deputy's intentional or wanton misconduct.  Thus, the 
Harris
 court held, section 3-6016 even acted to defeat the plaintiff's common law 
respondeat
 
superior
 claim.  In 
Cortez v. Defendant Deputy Sheriffs, Names Unknown
, No. 99 C 2397, slip op. at __ (N.D. Ill. July 26, 1999), the court also dismissed a plaintiff's 
respondeat
 
superior
 claim against the sheriff on the basis that it alleged intentional conduct and was thus barred by section 3-6016.  Initially, we note that neither 
Harris
 nor 
Cortez
 is binding on this court.  Further, we disagree with the holdings therein.  Both cases rely on 
Chaney
 and 
Miller Artesian
.  As  stated above, we believe those cases stand for nothing more than that liability for the Sheriff for the intentional and wanton acts of his employees may not be premised on section 3-6016.  We disagree with the use of 
Chaney
 and 
Miller Artesian
 in 
Harris
 and 
Cortez
 as a springboard to finding that section 3-6016, through its silence on the subject, defeats common law claims of 
respondeat
 
superior
 regarding intentional conduct.
(footnote: 2)  Section 3-6016 does not act to bar the instant action or require its dismissal as a matter of law.

Section 2-202 of the Tort Immunity Act is also relevant to our discussion of count II.  Section 2-202 provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."  745 ILCS 10/2-202 (West 1998).  The Sheriff first contends that section 2-202 is inapplicable to him because it pertains to individual employees and is silent as to 
respondeat
 
superior
 liability.  If an employee were found liable under section 2-202, however, the Sheriff would be liable under traditional 
respondeat
 
superior
 principles and section 9-102.  The Sheriff also argues that section 2-202 is inapplicable to him because section 3-6016 of the Counties Code (55 ILCS 5/3-6016 (West 1998)) is a more specific statute that is expressly applicable to the Sheriff.  As we have already held, however, section 3-6016 is silent regarding the Sheriff's liability for the intentional and wanton misconduct of employees.  Rather, it appears that the Counties Code actually expands the liability of the Sheriff by making him liable for the negligent acts of his deputies in addition to any liability the Sheriff might have for intentional and wanton misconduct of those same deputies under the Tort Immunity Act and traditional 
respondeat
 
superior
 principles.

In sum, considering the allegations contained in the amended complaint, we find that the trial court erred in granting the Sheriff's motion to dismiss count II where the Sheriff has failed to show that, as a matter of law, he could not be held responsible for the intentional or wanton acts of his deputy.

Plaintiff also contends that the trial court erred in dismissing the Sheriff from count III of the amended complaint.  According to plaintiff, count III sets forth those acts or omissions that would not be a basis for liability under the Tort Immunity Act because they only constitute ordinary negligence.  Specifically, count III alleged that King was negligent in failing to use verbal calming techniques before and after drawing his weapon, in failing to warn plaintiff that he was going to draw his weapon and to explain the reasons for drawing his weapon, in failing to use nondeadly force tactics to take custody and control of plaintiff, and in placing his finger on the trigger when firing the weapon was not an appropriate option.  Count III further alleged that King was acting within the scope of his employment during the investigation of the automobile accident and that the Sheriff was liable for King's negligence pursuant to section 3-6016 of the Counties Code.  55 ILCS 5/3-6016 (West 1998).

The Sheriff characterizes count III as a "thinly-veiled attempt to mischaracterize an intentional act of shooting as negligence."  Thus, he argues, the count was properly dismissed where the Sheriff was not liable for the intentional acts of King.  We hold that count III adequately states a claim for negligence by setting forth allegedly negligent acts or omissions taken by King during the course of the incident.

As noted previously, section 3-6016 states that the sheriff shall be liable for any neglect or omission of the duties of his office when occasioned by a deputy, in the same manner as for his own personal neglect or omission.  55 ILCS 5/3-6016 (West 1998).  

The Sheriff maintains that even if count III alleges a cause of action against him for 
respondeat
 
superior
 on the basis of King's negligence, the count was properly dismissed because King was acting outside the scope of his employment at the time of the incident.  We have already held that, based on the allegations in the amended complaint, it cannot be said, as a matter of law, that King was acting outside the scope of his employment at the time of the incident.

The Sheriff also contends that he should not be held liable due to the "outrageous conduct" rule.  Pursuant to the rule, employers will not be held liable where the employee's conduct has been so reckless and outrageous that it is deemed to be outside the scope of employment.  
Wolf
, 153 Ill. App. 3d at 493.  The Sheriff argues that King's conduct should be deemed outrageous as a matter of law where the amended complaint alleged that plaintiff "began to run away" following a motor vehicle collision and King then "intentionally or recklessly shot the Plaintiff when deadly force was not an appropriate option."  In support, the Sheriff relies upon 
Luna v. Meinke
, 844 F. Supp. 1284 (N.D. Ill. 1994).  In 
Luna
, an off-duty Chicago police officer became involved in a traffic dispute with Luna.  The officer flashed his badge and motioned Luna to pull over.  The officer asked Luna to produce his driver's license and insurance card.  While Luna was attempting to do so, the officer kicked him in the lower back several times and punched him in the face several times with a closed fist.  
Luna
, 844 F. Supp. at 1286.  We find 
Luna
 distinguishable.  The officer in that case was part of the dispute, which culminated in an unprovoked beating of Luna, the other party to the dispute.  The personal anger of the officer obviously played a role in the attack.  In the instant case, it was not alleged that King was involved in the collision but rather that he stopped to investigate as part of his job.  There is no indication in the complaint of any animosity between King and plaintiff.  King pulled his weapon as an apparent precaution when plaintiff reached into the car to get his proof of insurance.  When plaintiff became frightened and began to run, King reacted by shooting him in the leg.  The allegations in the complaint do not support a finding that King's conduct in this case was so outrageous as to be outside the scope of his employment as a matter of law.

The Sheriff asks us to take judicial notice of the fact that  I-94, where the incident in the instant case occurred, is patrolled and under the jurisdiction of the Illinois State Police and that King had no authority to issue traffic citations to the plaintiff and was not expected to do so by the Sheriff.  The facts that the Sheriff asks us to take notice of are contrary to the allegations in the complaint.  We thus decline the Sheriff's invitation and once again emphasize that the allegations in the complaint are admitted as true for the purposes of this section 2-619 motion.  
McGee
, 315 Ill. App. 3d at 680.

Accordingly, the trial court's grant of the Sheriff's section 2-619 motion to dismiss counts II and III of plaintiff's complaint with prejudice is reversed and this matter is remanded to the trial court for further proceedings.

Reversed and remanded.

BURKE, P.J., and GORDON, J., concur.

FOOTNOTES
1:  Although plaintiff states in his brief on appeal that the trial court granted the Sheriff's motion on the basis that King was not within the scope of his employment at the time of the shooting, he also acknowledges that "[t]he trial court did not articulate its reasons for dismissing" the Sheriff.  No record of proceedings has been provided on appeal.

2:  In so holding, we also note our disagreement with the 
Harris
 court's holding that section 3-6016 "specifically addresses the liability of a county sheriff for the intentional or wanton misconduct of deputy sheriffs."  
Harris
, slip op. at __.  As we have already noted, the section is silent on that subject.