JILL REPEDE, a Minor, by Her Mother and Next Friend, Lois Repede, *et al.*, Plaintiffs-Appellants, v. COMMUNITY UNIT SCHOOL DISTRICT No. 300 *et al.*, Defendants-Appellees.

Second District    No. 2—01—0940

Opinion filed October 31, 2002.

Daniel E. Compton, of Brittain & Ketcham, P.C., of Elgin, for appellants.

John G. Foreman, of Spesia, Ayers & Ardaugh, of Joliet, for appellees.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiffs, Jill Repede and Lois Repede, appeal the circuit court's order that dismissed their complaint alleging negligence against defendants, Community Unit School District No. 300, Dundee-Crown High School, and Jacqueline Gilly. The trial court ruled that defendants were immune from suit. On appeal, plaintiffs contend that defendants are not immune because (1) they voluntarily assumed a duty; (2) Gilly was not acting in a discretionary capacity when the accident occurred; and (3) defendants were not acting in a governmental capacity when the injury occurred.

Plaintiffs' complaint alleges that in September 1997, plaintiff Jill Repede (hereafter plaintiff) was a member of the freshman cheerleading squad at Dundee-Crown High School. Gilly was the cheerleading coach. While practicing a pyramid routine, plaintiff fell, breaking her arm.

The complaint further alleges that the freshmen cheerleaders were inexperienced in performing such routines. Although defendants knew this, they provided no coaching supervision and no "spotters"

for the routine. A spotter is someone who observes a routine and is available to assist anyone who falls.

Pursuant to section 2—619(a)(9) *of* the Code of Civil *Procedure* (735 ILCS 5/2—619(a)(9) (West 2000)), defendants moved to dismiss the complaint. Defendants argued that they were immune from suit for failing to supervise an activity on public property. The trial court agreed and dismissed the action. Plaintiff timely appeals.

■ Where a cause of action has been dismissed pursuant to a section 2—619 motion, the questions on appeal are whether a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law. *Brown v. King*, 328 Ill. App. 3d 717, 721 (2001). We review *de novo* the dismissal of an action pursuant to section 2—619. *Brown*, 328 Ill. App. 3d at 721.

■ When plaintiff's accident occurred, section 3—108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) provided that "neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." 745 ILCS 10/3—108(a) (West 1996). Defendants contend, as they did in the trial court, that plaintiff's complaint alleges a failure to supervise an activity—cheerleading practice—on public property. Plaintiff does not dispute this, but nonetheless argues that immunity does not apply for several reasons.

Plaintiff first contends that defendants voluntarily assumed a duty. She argues that by joining the Illinois High School Association (IHSA) and adopting its "spirit rules" governing cheerleading, defendants assumed a duty to supervise the cheerleaders' activities.

■ One who voluntarily undertakes to provide services to another is liable for an injury caused by the failure to exercise due care in doing so. *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 415 (1991). However, the existence of a duty and the existence of immunity are separate issues. *Blankenship v. Peoria Park District*, 269 Ill. App. 3d 416, 421 (1994). Morever, failing to comply with self-imposed regulations does not generally impose a legal duty on a governmental defendant. *Geimer v. Chicago Park District*, 272 Ill. App. 3d 629, 636 (1995); *Blankenship*, 269 Ill. App. 3d at 422-23.

■ In *Geimer*, the court held that defendant had no duty to enforce its own officiating rules during a touch football game. *Geimer*, 272 Ill. App. 3d at 637. Here, the defendants did not undertake an additional duty to protect plaintiff merely by joining the IHSA and adopting its rules. Thus, the trial court correctly held that defendants here were not liable for failing to enforce the spirit rules they voluntarily adopted.

■ Plaintiff next contends that immunity does not apply because in conducting cheerleading practice, Gilly was performing a ministerial, rather than discretionary, duty. Plaintiff appears to confuse the "discretionary" immunity embodied in sections 2—109 and 2—201 of the Act (745 ILCS 10/2—109, 2—201 (West 2000)) with supervisory immunity under section 3—108. These immunities are separate and, while the Act expressly adopts the distinction between discretionary and ministerial duties in sections 2—109 and 2—201, the distinction is simply irrelevant to the existence of supervisory immunity under section 3—108. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 381 (1997). Thus, it does not matter whether Gilly was performing a discretionary or ministerial function when plaintiff was injured and plaintiff may not avoid defendants' immunity on this basis.

■ Plaintiff finally contends that defendants are not immune because they were not engaged in a governmental function when plaintiff was injured. Plaintiff cites cases holding that a governmental unit is not necessarily immune from liability when engaging in a "proprietary" rather than a "governmental" function. See *Comastro v. Village of Rosemont*, 122 Ill. App. 3d 405 (1984). Plaintiff argues that the School Code (105 ILCS 5/1—1 *et seq.* (West 2000)) expressly requires or authorizes school districts to provide certain programs, but nowhere mentions varsity athletics or cheerleading teams. Plaintiff posits that because the School Code does not expressly authorize a district to sponsor athletic teams, such activities are *ultra vires* and not a "governmental" function.

The supreme court has rejected the distinction between governmental and proprietary activities in deciding whether a governmental body is immune under the Act. See *Epstein*, 178 Ill. 2d at 379; *Barnett v. Zion Park District*, 171 Ill. 2d 378, 388 (1996). Even if the governmental/proprietary distinction applied here, we would find that defendants' cheerleading squad was a governmental activity. Plaintiff cites no authority for her contention that an activity must be specifically authorized by a statute to be considered a governmental function.

In a slightly different context, a court observed that "[v]arsity athletics are an integral part of virtually all school programs at every level." *Thomas v. Chicago Board of Education*, 60 Ill. App. 3d 729, 736 (1978), *rev'd on other grounds*, 77 Ill. 2d 165 (1979). In *Payne v. Lake Forest Community High School District 115*, 268 Ill. App. 3d 783 (1994), this court held that defendant was not liable for injuries plaintiffs suffered while working on the set and lighting for a school talent show. In *Koh v. Village Greens of Woodridge*, 158 Ill. App. 3d 226, 228-29 (1987), we held that a municipal golf course was a

governmental, rather than a proprietary, function. Defendants' cheerleading squad is not analytically different from a school talent show or a municipal golf course. Plaintiff cannot avoid defendants' immunity on this basis.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GROMETER and CALLUM, JJ., concur.