JOSHUA T. HILL *et al.*, Plaintiffs-Appellants, v. GALESBURG COMMUNITY UNIT SCHOOL DISTRICT 205, Defendant-Appellee.

Third District   No. 3—02—1040

Opinion filed February 19, 2004.

Grady E. Holley (argued), of Holley & Rosen, of Springfield, for appellants.

Brian S. Nelson (argued), of Katz, Huntoon & Fieweger, P.C., of Rock Island, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs, Joshua Hill and his father, J.T. Hill, sued Galesburg Community Unit School District (school district), alleging that the school district violated the Eye Protection in School Act (Eye Protection Act), which requires that students wear eye protection when participating in certain activities. 105 ILCS 115/1 (West 2002). The school district filed a motion to dismiss, alleging that it did not violate the Eye Protection Act and that, in any case, it was immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1—101 *et seq.* (West 2002)) (Tort Immunity Act or Act). The trial court determined that the school district violated the Eye Protection Act, but that it was immune. We affirm in part, reverse in part and remand.

Joshua Hill was a student attending Galesburg Senior High School. He was performing an experiment in chemistry class when a glass beaker exploded, causing an injury to his right eye. Joshua was not wearing eye protection at the time of the explosion.

Plaintiffs filed a four-count amended complaint. Counts I and III alleged negligence by the school district, and counts II and IV alleged willful and wanton conduct by the school district. The school district filed a combined motion to dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 2002)). The trial court initially dismissed the willful and wanton counts and denied the motion to dismiss the negligence counts. Plaintiffs then filed an amended complaint, and the school district renewed its motion to dismiss. The trial court granted the section 2—619 motion, dismissing all four counts based on section 2—201 of the Tort Immunity Act. 745 ILCS 10/2—201 (West 2002).

■ Our review of a section 2—619 dismissal is *de novo*. *Arteman v. Clinton Community School District No. 15*, 198 Ill. 2d 475, 479 (2002).

## I. The Eye Protection in School Act

■ We first consider whether the Eye Protection Act imposes a duty on (1) the school district to provide eye protection, and (2) the teacher to ensure that students are wearing eye protection before proceeding with the experiment. The Eye Protection Act provides in relevant part:

"Every student, teacher and visitor is required to wear an industrial quality eye protective device when participating in or observing any of the following courses in schools, colleges and universities:

\*\*\*

(b) chemical or combined chemical-physical laboratories involving caustic or explosive chemicals or hot liquids or solids.

Such devices may be furnished for all students and teachers, and shall be furnished for all visitors to such classrooms and laboratories." 105 ILCS 115/1 (West 2002).

### A. Duty to Provide Eye Protection

■ Our supreme court has held that school districts have a common law duty to provide safety equipment to students when engaged in activities that may be dangerous. *Gerrity v. Beatty*, 71 Ill. 2d 47, 52 (1978); *Lynch v. Board of Education of Collinsville Community Unit District No. 10*, 82 Ill. 2d 415, 434 (1980); *Palmer v. Mt. Vernon Township High School District 201*, 169 Ill. 2d 551, 557 (1996). The Eye Protection Act, however, specifically states that eye protection "*may* be furnished for all students and teachers." (Emphasis added.) 105 ILCS 115/1 (West 2002).

■ The primary rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Henrich v. Libertyville High Shcool*, 186 Ill. 2d 381, 387 (1998). The best indicator of legislative

intent is the language that the legislature used in the statute. *In re Ben S.*, 331 Ill. App. 3d 471, 472 (2002). Legislative use of the word "may" indicates a permissive or directory reading, while use of the word "shall" indicates a mandatory meaning. *People v. Reed*, 177 Ill. 2d 389, 393 (1997).

The plain language of the statute says that eye protection "may" be furnished to all students, giving school districts the option to furnish eye protection for students and teachers. This permissive language negates the common law duty to provide safety equipment. See *Miller v. Hill*, 337 Ill. App. 3d 210, 221 (2003) (noting that "the legislature maintains the inherent authority to repeal or modify the common law and may eliminate all or part of it"). Under the Eye Protection Act, school districts have no duty to provide eye protection to students and teachers.

## B. Duty to Ensure Eye Protection is Worn

Nonetheless, plaintiffs contend that even if the school district is not required to provide eye protection, the Eye Protection Act creates a duty in the teacher to ensure that students are wearing eye protection before proceeding with activities covered by the Eye Protection Act. The school district responds that although the Eye Protection Act requires that students wear eye protection, the responsibility is on the students themselves to ensure that they are protected.

In construing a statute to give effect to the intent of the legislature, the court may consider the reason and necessity for the statute and the evils it was intended to remedy. *People v. McGee*, 326 Ill. App. 3d 165, 169 (2001). This is especially true when the statutory language is capable of two or more reasonable interpretations. *Wal-Mart Stores, Inc. v. Industrial Comm'n*, 324 Ill. App. 3d 961, 967 (2001). The court will assume that the legislature did not assume an absurd or unjust result. *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 309 (2001).

■ In this case we believe that placing the burden on the student to wear eye protection would create a result inimical to the intent of the statute. A teacher is responsible for conducting the class and is charged with maintaining control and supervision over the manner and method of the students' work. *Knapp v. Hill*, 276 Ill. App. 3d 376, 381 (1995). The interpretation urged by the school district shifts the teacher's responsibility onto the student and absolves the teacher of any responsibility for conducting potentially hazardous experiments with unprotected students in the room.

The statute requires teachers to ensure that all students are wearing eye protection. The teacher may not start a dangerous activity

until the student either dons eye protection or is removed from the area. This construction gives effect to the intent of the legislature, that is, to protect students, teachers and visitors from eye injury. The responsibility for the management of the classroom is on the teacher, not the student.

## II. Tort Immunity Act

The school district argues that even if the teacher breached his duty to ensure eye protection was worn before proceeding with the experiment, he and the district are immune under section 2—201 and section 3—108 of the Tort Immunity Act. See also 745 ILCS 10/2—109 (West 2002) (employee's immunity applies vicariously to employer).

### A. Section 2—201 Immunity

Section 2—201 of the Tort Immunity Act provides:

> "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2—201 (West 2002).

Immunity under section 2—201 does not apply if the employee's act or omission that caused the plaintiff's injury is ministerial in nature. *Trotter v. School District 218*, 315 Ill. App. 3d 1, 13 (2000). Ministerial acts are those that a person performs on a given state of facts in a prescribed manner, in obedience to the legal authority, and without reference to the employee's discretion as to the propriety of the act. *Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995).

Teachers have wide discretion in the conduct of their classes. *Knapp*, 276 Ill. App. 3d at 380. However, as we have noted above, teachers must comply with the requirements of the Eye Protection Act. When the students performed an experiment involving caustic or explosive chemicals or hot liquids, the teacher's responsibility under the Eye Protection Act was triggered and his acts were ministerial in nature. He had no discretion to permit the class to proceed without the students wearing eye protection. Section 2—201 does not provide immunity to the school district.

### B. Section 3—108 Immunity

The school district also contends that it is immune because the teacher was acting in a supervisory role at the time of the explosion. Section 3—108 of the Tort Immunity Act provides in pertinent part:

> "Except as otherwise provided in this Act, neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury un-

less the \*\*\* public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury." 745 ILCS 10/3—108(a) (West 2002).

Plaintiffs argue that section 3—108 does not apply for two reasons. First, plaintiffs contend that section 3—108 immunity is barred in this case by our supreme court's decision in *Arteman v. Clinton Community School District No. 15*, 198 Ill. 2d 475 (2002). *Arteman* involved a school district's duty to provide safety equipment. The court ruled that providing safety equipment was separate and distinct from supervising students, and thus section 3—108 immunity did not apply. *Arteman*, 198 Ill. 2d at 484. Where, as here, the issue is the teacher's supervision of the class, not the providing of safety equipment, *Arteman* does not apply.

Second, plaintiffs assert that since the Eye Protection Act required the teacher to ensure that Joshua was wearing eye protection, the teacher had no discretion to act. However, section 3—108 is not predicated on the teacher exercising discretion. It speaks only of supervision. Supervision includes "direction, teaching, demonstration of techniques, and—to some degree—active participation." *Longfellow v. Corey*, 286 Ill. App. 3d 366, 370 (1997). Teachers supervise their classes whether or not they exercise discretion. *Repede v. Community Unit School District No. 300*, 335 Ill. App. 3d 140, 143 (2002); *Kain v. Rockridge Community Unit School District No. 300*, 117 Ill. App. 3d 681, 683 (1983). Violating the Eye Protection Act may be inadequate supervision, but under section 3—108 it is irrelevant whether the teacher properly supervised the class. The quality or level of the teacher's supervision of the class is irrelevant to a section 3—108 analysis. See *Barnett v. Zion Park District*, 171 Ill. 2d 378, 392 (1996).

■ Plaintiffs' amended complaint alleges that Joshua was attending a laboratory chemistry class, that he was performing a chemistry experiment as part of his course of study, that the teacher had actual knowledge that Joshua was not wearing eye protection, and that the teacher permitted him to perform the experiment that led to the explosion. Joshua's teacher was present while he was conducting an experiment as part of the class activity. Under these facts, we must conclude that the teacher was supervising the class. See *Longfellow*, 286 Ill. App. 3d at 370. Thus, section 3—108 provides immunity from the negligence allegations in counts I and III of the amended complaint.

## C. Willful and Wanton Conduct

Plaintiffs also argue that since counts II and IV allege willful and wanton conduct, section 3—108 provides no immunity to the school district on those counts. The school district replies that plaintiffs have insufficiently pled willful and wanton conduct as a matter of law.

■ Section 3—108 immunity does not apply if the teacher's conduct was willful and wanton. 745 ILCS 10/3—108(a) (West 2002). In the Tort Immunity Act, willful and wanton conduct is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1—210 (West 2002). Willful and wanton conduct does not occupy a precise point on the continuum of liability between negligence and intentional conduct. *Pomaro v. Community Consolidated School District 21*, 278 Ill. App. 3d 266, 269 (1995). Willful and wanton conduct can be slightly more than negligence, slightly less than intentional conduct, or anywhere in between, depending on the circumstances. *Pomaro*, 278 Ill. App. 3d at 269.

In *Hadley v. Witt Unit School District 66*, 123 Ill. App. 3d 19 (1984), the teacher observed students hammering pieces of metal into an anvil, knew or should have known that this activity was dangerous, and failed to direct the students to wear goggles. *Hadley*, 123 Ill. App. 3d at 23. Based on these facts, the court found that a jury could infer a "reckless disregard for the safety of others *** after knowledge of impending danger." *Hadley*, 123 Ill. App. 3d at 23. Thus the complaint stated a cause of action.

The school district attempts to distinguish *Hadley* because the plaintiffs did not specifically allege that the teacher's acts knowingly constituted a reckless disregard for Joshua's safety. However, *Hadley* does not require that the complaint contain this language. *Hadley* only requires that the allegations in the complaint support such an inference.

■ The relevant portions of the amended complaint allege that the teacher (1) had actual knowledge that Joshua was performing the experiment without wearing eye protection, (2) had actual knowledge of the dangers of performing the experiment, and (3) consciously disregarded Joshua's safety by permitting him to participate in the experiment without eye protection. Under the *Hadley* analysis, these allegations are sufficient for a jury to infer a "reckless disregard" for Joshua's safety "after knowledge of impending danger." *Hadley*, 123 Ill. App. 3d at 23. Counts II and IV of plaintiffs' amended complaint sufficiently allege a cause of action for willful and wanton conduct.

## CONCLUSION

The judgment of the circuit court of Knox County is affirmed in part, reversed in part and remanded.

Affirmed in part and reversed in part; cause remanded.

BARRY and SCHMIDT, JJ., concur.